**Ex parte Gladys Marie DEERING.**

No. 44059.

Court of Criminal Appeals of Texas.

May 12, 1971.

**590**

Stephen T. Elder, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim. D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant is in custody of the sheriff of Harris County to answer indictments charging her with theft of a credit card, felony theft, and burglary, with each indictment alleging a prior conviction of burglary for enhancement purposes.

Bond was set at $25,000 for each for a total of $75,000. The petitioner made habeas corpus application to the 176th District Court of Harris County for a reduction of bail, alleging her ability to make bail in the sum of $25,000. The court refused to reduce the petitioner's bail.

The petitioner testified at the hearing that she could not make a $75,000 bond but that a friend would loan her $500 to make a $25,000 bond.

Hazel Marie Baker testified to the same facts and that the same friend would loan appellant $500 and would also give her a job as a machinist.

The State introduced into evidence the three indictments as well as certified records from the Department of Corrections showing several prior convictions.

The prior convictions were for various offenses, including burglary, felony theft, and robbery by assault.

Considering the nature of the offenses and the circumstances under which they were committed and the inability of the appellant to make $75,000 bond, that amount of bail is excessive. Art. 17.15, Vernon's Ann.C.C.P.; See: Korn v. State, Tex.Cr.App., 400 S.W.2d 564.

The appellant testified that she could make $25,000 bond. While her ability to make bond is not the sole criteria, we believe in view of the entire record, that a bond of $10,000 for each offense, for a total of $30,000 would be reasonable.

The judgment of the trial court is reversed and the petitioner granted bail in the sum of $10,000 in each of the three cases in question.