Cletis **ROBERTS** and Jack Dale **Roberts**, Appellants,

v.

The **STATE** of Texas, Appellee.

No. 44286.

Court of Criminal Appeals of Texas.

June 2, 1971.

George J. Parnham, Houston, for appellants.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order setting appellants' bail in a habeas corpus proceeding. Each appellant is charged with two cases of assault with intent to murder and one case of robbery by firearms. Bail was set for each appellant for these offenses in the amounts of $25,000, $25,000 and $100,000, respectively. The State filed notice to seek the death penalty in the robbery by firearms case.

After evidence was offered at the habeas corpus hearing, the trial court refused to reduce the bail. Appellants gave notice of appeal, then requested that the appeal be dismissed. The trial court ordered the appeal dismissed. At a later date, and with new counsel, appellants requested that the trial court reinstate the appeal. The trial court granted appellants' motion and, at the same time, reduced the bond in the robbery cases to $75,000, thereby reducing the total bond required from each appellant from $150,000 to $125,000.

There is nothing in the record before us to show that appellants have attempted to make bond in the amount of $125,000. There was evidence presented at the hearing which showed that appellants had attempted to secure bonds in the amount of $150,000 and that they could not raise more than $5,000 apiece to pay a bond premium. There is no evidence that appellants attempted to secure a bond for the reduced amount.

It is settled law in this State that the appellants must show that they have made an effort to furnish bail in the reduced amount before they can successfully complain about that reduced amount on appeal.

See Ex parte Morgan, Tex.Cr.App., 461 S. W.2d 406 and the cases cited therein.

Finding no abuse of the trial court's discretion, the judgment is affirmed.