Ex parte Cletus **ROBERTS.**

No. 44347.

Court of Criminal Appeals of Texas.

June 23, 1971.

George Parnham, Houston, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order entered after a hearing in a habeas corpus proceeding seeking reduction of bail after indictment but before trial.

Joint indictments against the appellant Cletus Roberts and his co-defendants, Jack Dale Roberts and Thomas H. Farquhar, were returned by the grand jury in Travis County on the 17th day of February, 1971. The offenses in each were alleged to have been committed on or about the 5th day of February, 1971.

One indictment alleged the robbery of Ruby Howell, by the use of rifles, shotguns and pistols. Bail was set at $100,000 each. A motion to seek the death penalty was filed by the State.

An indictment alleged an assault with intent to murder Marshall Henderson was returned. Bail was set at $25,000 for each.

Another indictment alleged an assault with intent to murder Eugene Demuth. Bail was also set at $25,000 each.

Later, in the robbery case, bail was reduced to $75,000.

At the habeas corpus hearing on June 1, 1971, the indictment, capias and return in each case were introduced.

Marie Elizabeth Roberts testified that she was the wife of Cletus Roberts. She testified that she, for her husband, was unable to make the reduced bail of $75,000 in the robbery case, but that she could make the bail if it were lowered to $50,000. She also stated that she had attempted but was unable to make bail in the assault with intent to murder cases, but that she could get bail if it were reduced to $10,000 in each case, and the premiums for such bail would amount to seven thousand dollars.

Article 17.15, Vernon's Ann.C.C.P., provides:

"Rules for fixing amount of bail

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the ex-ercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

The ability or inability of the accused to make bail does not, alone, control the amount. See Ex parte Nectoux, Tex.Cr. App., 455 S.W.2d 249.

In Ex parte Cascio, 140 Tex.Cr.R. 288, 144 S.W.2d 886, the Court, discussing the rules of fixing bail, stated: "Taking into consideration the 'nature of the offense' necessarily involves the punishment permitted under the law."

In one of the present cases the possible punishment for the offense of robbery by use of firearms is death.

The judge in his discretion could properly take that into consideration in fixing bail at an amount sufficiently high to give "reasonable assurance" that the appellant would be present in court to answer the charge in the indictment.

The record shows that the robbery case was set for trial on June 14, 1971.[1]

Under the record before us, we hold that there is no showing of error or that the trial court abused its discretion in refusing to reduce bail in the three cases to the maximum amount of bail appellant's proof showed he could make.

The judgment is affirmed.

1. If the appellant is tried and the punishment assessed exceeds fifteen years, he no longer would be entitled to bail. Article 44.04(h), V.A.C.C.P. Ex parte Bitela, Tex.Cr.App., 452 S.W.2d 501.