Ex parte James Fred CASH.

No. 45275.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

---

1. It would be better practice where multiple defendants are tried together to use separate instruments.

Percy Foreman, Richard M. DeGuerin, Houston, for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant is in custody of the Sheriff of Fort Bend County where he stands charged by indictment with the offense of robbery by firearms. The state has filed a written notice of its intent to seek the death penalty. After a habeas corpus hearing, bail was set in the amount of $45,000.00. On appeal, the contention is made that the amount of bail set is unreasonable.

At the habeas hearing John Herfort, the owner of a diamond ring factory in Rosenberg, testified that on January 23, 1971, the appellant and several other men entered his home and one of them hit him over the head. They taped the hands and legs of his wife and family, and took his wife's watch and ring, his automobile key, the key to his factory, and the key to his burglar alarm system. They then took him to his factory for the purpose of getting diamonds, but he managed to get away from them. He made positive identification of the appellant as one of the persons who participated in the robbery.

Appellant's wife testified that she had made an attempt to make bond in the amount of $45,000.00, "believing that would be the amount set by the court." She stated that she had been unsuccessful in her attempts to make that amount of bond and that she would have difficulty in doing so.

Appellant's mother testified and was asked if she could raise a bondsman's fee in the amount necessary to post a $45,000.00 bond, and she replied: "That's quite a heavy bond, but I will make a stab at it, yes."

The appellant testified and admitted that he had previously been convicted of the offense of assault with intent to rape, in Georgia, wherein he received a nine months sentence. He also testified that he was convicted of armed robbery and assault with intent to murder, in Florida, and was given ten years in the robbery conviction and twenty years in the assault with intent to murder conviction.

The ability or inability of the accused to make bail is not alone determinative of the amount to be set. Ex parte Nectoux, Tex.Cr.App., 455 S.W.2d 249. In fixing the amount of bail, the court should take into account the nature of the offense and should further consider the punishment permitted under the law. Article 17.15, Sec. 3, Vernon's Ann.C.C.P.; Ex parte Roberts, Tex.Cr.App., 468 S.W.2d 410; Ex parte Cascio, 140 Tex.Cr.R. 288, 144 S.W. 2d 886.

In Ex parte Roberts, supra, an appeal from habeas corpus proceeding seeking reduction of bail in a robbery by firearms indictment wherein the state had filed a motion that the death penalty would be sought, and a $75,000 bond was upheld, this court stated:

"The judge in his discretion could properly take that [punishment] into consideration in fixing bail at an amount sufficiently high to give 'reasonable assurance' that the appellant would be present in court to answer the charge in the indictment."

Under the present record, we find that the trial court did not abuse its discretion by setting bail in the amount of $45,000.00.

The judgment is affirmed.