### Ex parte Ruben GARCIA and Charles May et al.

### No. 46728.

Court of Criminal Appeals of Texas.
March 14, 1973.

Michael R. Gibson, El Paso, for appellants.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from a habeas corpus hearing denying appellants' motion to be discharged from custody.

Appellants [1] filed a writ of habeas corpus in the trial court "on their own behalf and on behalf of all prisoners in the county jail of El Paso County, Texas, constituting a class similarly situated to appellants . . ", alleging that their confinement " . . . is violative of the federal constitutional provisions relating to due process, the presumption of innocence, cruel and unusual punishment, and equal protection of the laws . . . ". They claimed that the fact that they were indigent and consequently unable to make bail deprived them of equal protection of the laws in that their inability to post bond security . . . [made them] the subject of discriminatory practices when compared with those persons who have sufficient funds to post bond".

At the conclusion of the hearing the court denied appellants' motion for discharge, but reduced the bail of the named appellants from $1,000 and $5,000, respectively, to $500 and $1,000, respectively.

Without passing on the question of whether the court may entertain this type of class action, we observe there is no showing that appellants attempted to make bond on the reduced bail.

In Roberts v. State, Tex.Cr.App., 467 S.W.2d 475, we said:

"It is settled law in this State that the appellants must show that they have made

---

1. Appellant May's name also appears in the record as Lay.

an effort to furnish bail in the reduced amount before they can successfully complain about that reduced amount on appeal."

See also Ex parte Morgan, Tex.Cr.App., 461 S.W.2d 406, and the cases cited therein.

Finding no abuse of the trial court's discretion, the judgment is affirmed.