**Ex parte Lee Roy SKINNER.**

**No. 47311.**

Court of Criminal Appeals of Texas.

June 27, 1973.

---

Robert A. Scardino, Houston, for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Appellant is held under an arrest warrant issued out of a Justice of the Peace Court of Liberty County charging him with assault with intent to rape.

At the hearing on application for Writ of Habeas Corpus in which the prosecutrix, the appellant, and his witnesses testified, the District Court of the 75th Judicial District set bail at $100,000. At this hearing testimony was introduced showing appellant's ability to make bail up to and including the sum of $10,000. Appellant is 35 years old, married, the father of four children, and a life long resident of Houston. He has never before been convicted of a felony. He owns his own home and has an earning capacity of $10,000 a year, but his home and his personal property are encumbered for approximately their worth.

█ Without further hearing and without notice of appellant and without any change in the circumstances of the case, on the day before this Writ was to be heard before this Court, the trial court entered an order reducing bail from $100,-000 to $50,000. If we accepted this action of the trial court and applied the rule of Roberts v. State, Tex.Cr.App., 467 S.W.2d 475, and cases there cited, this appellant would remain in confinement, because under the holding in Roberts v. State, supra, appellant would have to make a new showing in the trial court that he was unable to make the $50,000 bail. He would then be required to make the time consuming trip back to this Court to show his inability to make the reduced bail. This would amount to requiring a "useless thing", since the record before us now reflects the amount of bail appellant would make. See Ramirez v. State, Tex.Cr.App., 486 S.W.2d 373. This we decline to require.

To the extent that Roberts v. State, supra; Ex parte Morgan, Tex.Cr.App., 461 S.W.2d 406; Ex parte Swaim, 168 Tex.Cr. R. 391, 328 S.W.2d 299; and other cases are in conflict they are overruled.

█ Bail is set in the sum of $5,000.

The judgment of the trial court is reversed and appellant is ordered released upon the making of the bail set herein.

It is so ordered.