Ex parte Virginio GOMEZ.

No. 47279.

Court of Criminal Appeals of Texas.

July 3, 1973.

J. Douglas Tinker (On appeal only), Corpus Christi, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from an order entered after a hearing in a habeas corpus proceeding seeking reduction of bail after indictment but before trial.

The record discloses that appellant is now in jail in Aransas County charged by indictment returned February 12, 1973, with robbery by assault. Prior to the return of the indictment, but after complaint had been filed, a justice of the peace had set bail at $30,000. After a hearing in district court, bail was reduced to $25,000. After indictment, the district court increased the amount to $35,000. At the hearing from which this appeal is had, the court, after hearing testimony, refused to reduce bail below the $35,000 amount set after indictment.

At the hearing, the sheriff of Aransas County testified that in the past eleven years the highest bail set in that county was $25,000, which was in a murder case in which the death penalty was sought. The court stated appellant's bail was the only bail it had set as high as $35,000 in the county. The district clerk testified that since 1968 no bail had been set in the county higher than $10,000 prior to this case.

Appellant testified that he was without funds; however, he expressed the opinion that he might be able to make a $10,000

bond. Appellant's uncle had previously signed a $25,000 bond for him, which had been approved by the Chief Deputy Sheriff of Aransas County, but the record indicates that, due to another case pending against appellant in San Patricio County, this bond had not been filed. Appellant was asked by the court about other people in the area who might be able to make a $35,000 bond, but he had made no effort to contact them.

The appellant introduced in evidence as his Exhibit 4 a "rap" sheet consisting of four pages reflecting some thirty-five arrests since 1950. These arrests include burglary, theft, assault with intent to murder, aggravated assault, armed robbery, and carrying a pistol in a bar. He was sent to Gatesville as a juvenile in 1951 for burglary. In 1959, he received a six year probated sentence for burglary, which probation was later revoked. Also in 1959, he was convicted of burglary in two cases, and received terms of six years in each. After his parole he was returned to the penitentiary as a parole violator. In 1964, he received a thirty day sentence for aggravated assault. In 1967, he was convicted of aggravated assault for shooting a man, and received a two year jail sentence. During that period of time he escaped from jail.

No evidence was offered as to the facts of the case.

Article 17.15, Vernon's Ann.C.C.P., provides:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point. Acts 1965, 59th Leg. vol. 2, p. 317, ch. 722."

■ It appears that the court correctly took appellant's criminal record into consideration in setting the amount of bail "sufficiently high to give reasonable assurance that the undertaking will be complied with." This consideration is not in conflict with Section 2 above.

■ The nature of the offense and the circumstances under which it was committed were not shown by evidence. Taking into consideration the nature of the offense also includes the punishment permitted under the law. Ex parte Cascio, 140 Tex.Cr.R. 288, 144 S.W.2d 886; Ex parte Roberts, Tex.Cr.App., 468 S.W.2d 410; Ex parte Cash, Tex.Cr.App., 476 S.W.2d 294. The indictment was for robbery by assault for which the punishment fixed by Article 1408, Vernon's Ann.P.C., is confinement for life, or for any term of years not less than five. As stated in a footnote in Ex parte Roberts, supra, in which bail set at $75,000 in a robbery case was upheld:

"If the appellant is tried, and the punishment assessed exceeds fifteen years, he no longer would be entitled to bail. Article 44.04, V.A.C.C.P.; Ex parte Bitela, Tex.Cr.App., 452 S.W.2d 501."

■ The ability or inability of the accused to make bail does not, alone, control the amount. Ex parte Roberts, supra; Ex parte Cash, supra (upholding bail of $45,000 in a robbery with firearms case); Holliman v. State, Tex.Cr.App., 485 S.W.2d 912.

Under the present record, we find that the trial court did not abuse his discretion by setting bail in the amount of $35,000.

The judgment is affirmed.

Opinion approved by the Court.