Ex parte Don Ray HAYWOOD, Appellant.

No. 47156.

Court of Criminal Appeals of Texas.

July 17, 1973.

Rehearing Denied Sept. 19, 1973.

No attorney on appeal, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from an order of the court after a habeas corpus hearing held for the purpose of seeking a reduction of bail in a robbery cause and a theft-second offense cause. Bail was set at $50,000.00 in the robbery cause and $25,000.00 in the theft-second offense cause.

Appellant contends that each of these amounts is excessive and beyond his ability to obtain, and more than is necessary to insure his attendance at the trial of these two causes. Appellant is at the present time in the custody of the Sheriff of Harris County where he stands charged by indictment with the offense of breaking and entering a motor vehicle, along with the robbery by assault charge and theft-second offense charge. A misdemeanor information was also filed against appellant charging him with the offense of carrying a pistol.

At the habeas corpus hearing, the state elicited testimony from the appellant that he had previously been convicted of burglary with intent to commit theft and had served time in the penitentiary for this offense. The evidence also revealed that appellant, on November 18, 1972, was convicted of theft and sentenced to four years. The conviction in this case is now on appeal. Also, there was evidence showing that appellant "ran," after one of his arrests.

Appellant's mother testified that she was not able to raise a bondsman's fee in the amount necessary to post a $75,000.00 bond. However, she also testified that she had not talked to any of her friends or relatives who own property, about putting up their property for her son's bond. Appellant testified that he had about $500.00 in cash.

A trial judge, in fixing the amount of bail, should take into account the nature of the offense and should further consider the punishment permitted under the law. Ex parte Roberts, 468 S.W. 2d 410 (Tex.Cr.App.1971). In Ex parte Cash, 476 S.W.2d 294 (Tex.Cr.App.1972) which was an appeal in a habeas corpus proceeding seeking a reduction of bail in a

robbery by firearms indictment where the petitioner had previously been convicted of assault with intent to rape, armed robbery, and assault with intent to murder, wherein a $45,000.00 bond was upheld, this court quoted from Ex parte Roberts, supra:

"The judge in his discretion could properly take that [punishment] into consideration in fixing bail at an amount sufficiently high to give 'reasonable assurance' that the appellant would be present in court to answer the charge in the indictment."

See also Ex parte Gomez, 499 S.W.2d 158 (1973).

Under the facts presented, no abuse of discretion has been shown by fixing bail in the amounts set.

The judgment is affirmed.