**148**

Gordon Wellborn & Rex Houston, Henderson, for appellant.

W. T. McDonald, Jr., Dist. Atty., Bryan, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from an order of the court, after a habeas corpus hearing held for the purpose of seeking a reduction of bail in a murder with malice cause and an assault with intent to murder cause. Bail was set at $50,000.00 in each cause, for total sum of $100,000.00.

Appellant contends that each of these amounts is oppressive, punitive in amount, unrealistic to the facts, beyond his ability to obtain, and more than is necessary to insure his attendance at the trial of these two causes. Appellant is at the present time in the custody of the Sheriff of Brazos County where he stands charged by indictment with these two offenses.

At the habeas corpus hearing, Mrs. Darcene Josey, appellant's mother, testified that appellant was twenty-two years old; was born in Brazos County and had lived there all his life; attended Tyler Junior College and Baylor University on a football scholarship; and was an obedient young man. Mrs. Josey also testified that she and her husband owned no real property; that they had turned every "rock and stone" in trying to make bond; that they could make bond in the total amount of $12,500.00; and that appellant had a job waiting for him with his father, if his bond is reduced.

Sheriff J. W. Hamilton testified that appellant voluntarily surrendered and that he has not had any trouble out of appellant since he has been in jail.

Article 17.15, Vernon's Ann.C.C.P., provides:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that

the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point."

■ A trial judge, in fixing the amount of bail, should take into account the nature of the offense and should further consider the punishment permitted under the law. Ex parte Haywood, 498 S.W.2d 351 (Tex. Cr.App.1973); Korn v. State, 400 S.W.2d 564 (Tex.Cr.App.1966).

Appellant attempted to introduce the transcript of the testimony taken at his examining trial for the purpose of showing the weakness of the state's evidence. This offer was refused by the court and the transcript was made part of appellant's bill of exception. After reviewing the same, we find that the only testimony introduced against appellant was that of Elvin Walker, a police officer who interviewed the assault victim. Walker stated that the victim, Robert Kalenic, picked one of six photographs he showed him as the man who shot him and the deceased. Walker also stated that appellant told him where the weapon he used was. No other incriminating testimony or facts were introduced.

■ Considering the nature of the offenses, the testimony introduced at the habeas corpus hearing, the transcript of the examining trial, and the inability of the appellant or his parents to make the $100,000.00 bond, that amount of bail is excessive. See and compare Ex parte Skinner, 496 S.W.2d 633 (Tex.Cr.App.1973); Ex parte Jones, 468 S.W.2d 74 (Tex.Cr. App.1971); Ex parte Deering, 466 S.W.2d 589 (Tex.Cr.App.1971). We conclude that the trial judge abused his discretion in setting bail at $50,000.00 in each cause; and while appellant's ability to make bond is not the sole criteria, in view of the entire record, we hold such bonds to be excessive.

Therefore, the appellant is granted bail in the sum of $10,000.00 in the murder cause and $10,000.00 in the assault cause, for a total sum of $20,000.00.

It is so ordered.