**Ex parte Tommy Neil THOMPSON.**

**No. 48541.**

Court of Criminal Appeals of Texas.

May 1, 1974.

Roger D. Sanders, Sherman, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from an order of the trial court after a habeas corpus hearing held for the purpose of seeking a reduction of bail before trial in two cases where appellant stands indicted for the offense of delivery of a controlled substance; namely, cocaine in one indictment and methamphetamine in the other. Both offenses are alleged to have been committed in January, 1974.

Appellant contends that the court abused its discretion in refusing to reduce the amount of bail to a reasonable amount.

The record reflects that appellant was arrested on February 15, 1974 in the case involving methamphetamine, but was released on his own recognizance. Three days later he was again arrested, this time in the case charging delivery of cocaine. After this arrest, he was placed in jail, and bail was set by the court at $10,000.00 in each case.

The record reflects that appellant, 22 years of age, had no money and no other material assets. Before his arrest, he lived in Grayson County with his mother. She testified that her sole assets, which she was willing to borrow on to assist appellant in furnishing bail, was a non-negotiable savings certificate of deposit in the amount of $2,700.00. Appellant testified in answer to a question by his counsel that the cases against him "were strong," but on cross-examination stated that he was not indicating that he would plead guilty.

Counsel argues that "appellant does have this collateral to offer, however, in lieu of bail; his ties to Grayson County; his family's ties to Grayson County; his obedience to his mother and her directives to be present at trial, his clean prior record with the police, and the fact that at one point four days before appellant's final arrest, the Sheriff of Grayson County believed in him enough to release him on personal bail."

Article 17.15, Vernon's Ann.C.C.P., provides:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

 In fixing the amount of bail, the court should consider the nature of the offense, the punishment permitted under the law, the accused's criminal record, if any, as well as the accused's ability or inability to make bail. Ex parte Josey, Tex.Cr.App., 500 S.W.2d 148; Ex parte Gomez, Tex.Cr.App., 499 S.W.2d 158. The inability to make bail does not, alone, control the amount. Gomez, *supra*; Holliman v. State, Tex.Cr.App., 485 S.W.2d 912.

The punishment provided by law for the offenses of which appellant stands indicted is confinement for any period of years not less than five nor more than 99, or life. Controlled Substances Act 1973, Art. 4.-03(b)(1); art. 4.02; Art. 4.01(b)(1).

 Considering all of the evidence in the record, and applying the foregoing legal principles, we find the bail in the total sum of $20,000.00 in the two cases to be excessive. We conclude that the trial court abused its discretion in setting total bail in that amount. Josey, *supra*; Ex parte Skinner, Tex.Cr.App., 496 S.W.2d 633.

Appellant is granted bail in the sum of $7,500.00 in each of the two cases.

It is so ordered.

Opinion approved by the Court.

