**Ex parte James E. GUESS.**

**No. 48542.**

Court of Criminal Appeals of Texas.

May 1, 1974.

---

Roger D. Sanders, Sherman, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from an order of the court after a habeas corpus hearing held for the purpose of seeking a reduction of bail before trial in three cases wherein appellant is under indictment for the delivery of mescaline, lysergic acid diethylamide (L.S.D.) and methamphetamine, respectively. Bail was set at a total of $60,000.00, being apportioned between the cases at $10,000.00 in the first case, $20,000.00 in the second, and $30,000.00 in the third.

Appellant initially contends that the trial court abused its discretion in refusing to transfer appellant to a more appropriate place than the Grayson County jail, or to release him from incarceration because he was afflicted with severe asthmatic bronchitis.

At the habeas corpus hearing, appellant testified that he was 33 years old, a native of Grayson County, and that for the past four years he had lived with his mother in Sherman since returning from service in Viet Nam. Before that, he had served in the Marines for nine years and nine months, and had received an honorable medical discharge due to his having asthmatic bronchitis. His sole property consisted of an automobile worth about eight or nine hundred dollars. Confinement in jail with the accompanying dust, smoke, "tight places where you can't get air," and inability to get proper medical attention aggravated his condition. About six days before the hearing at about 7:00 P.M., he had a bad seizure of deep coughing, became very dizzy, and passed out. He was taken by a deputy sheriff to a hospital, where he received treatment and was returned to jail. On direct examination, he stated that since then he has been having trouble with receiving prescribed medication from the jail attendants. He stated on cross-examination that since being returned to jail from the hospital he had not had any serious blackouts or asthmatic attacks, and that he had received the right medications from the deputies.

Dr. Roberson, placed on the stand by appellant, testified that he treated appellant at the hospital about a week before the hearing. He diagnosed the condition as acute asthmatic bronchitis; i. e., a spasm of the bronchial tubes with shortness of breath. He stated that confinement by itself would not cause asthma, but factors such as smoking, offensive body odors, stale air, dust conditions may aggravate a pre-existing condition. He further stated to appellant's counsel that, while he had not been in every cell in the Grayson County jail, "the ones I have been in would not fit your description." In answer to a question by the court, he stated that he found nothing in appellant's condition that confinement in jail, per se, would probably endanger his life.

The testimony of appellant's mother was that she and her husband, appellant's stepfather, could not raise more than $1500.00

to finance bail in these cases. She had made no effort to secure bail from anyone other than members of the family, who were unable to help.

Article 11.25, Vernon's Ann.C.C.P., reads:

"When a judge or court authorized to grant writs of habeas corpus shall be satisfied, upon investigation, that a person in legal custody is afflicted with a disease which will render a removal necessary for the preservation of life, an order may be made for the removal of the prisoner to some other place where his health will not be likely to suffer; or he may be admitted to bail when it appears that any species of confinement will endanger his life. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

The trial court, in denying appellant relief, impliedly found that the evidence did not establish that a removal from the Grayson County jail was necessary for the preservation of appellant's life. Art. 11.25, V.A.C.C.P., supra; Ex parte Newsom, Tex.Cr.App., 237 S.W.2d 995; Ex parte Shacklett, 156 Tex.Cr.R. 217, 241 S.W.2d 849; Ex parte Johnson, 60 Tex.Cr.R. 50, 131 S.W. 316, 31 L.R.A.,N.S. 916. The evidence supports such finding.

The first contention is overruled.

■ Appellant next contends that the trial court abused its discretion in refusing to reduce the amount of bail to a reasonable amount.

Article 17.15, V.A.C.C.P., provides:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

The facts of the cases and the circumstances under which they were committed were not shown by the evidence. Taking into consideration the nature of the offense also includes the punishment permitted under the law. Ex parte Josey, Tex. Cr.App., 500 S.W.2d 148, Ex parte Gomez, Tex.Cr.App., 499 S.W.2d 158. The punishment fixed by law for the offenses of delivery of L.S.D. and methamphetamine is not less than 5 years nor more than 99, or life, and for delivery of mescaline, not less than 2 nor more than 10 years. Controlled Substances Act 1973, Art. 4.03(b)(1), (2); Art. 4.02, Art. 4.01(b)(1), (3).

Considering all of the evidence in the record, including, among other elements, the evidence that appellant has never been convicted of a felony, and the inability of appellant to make bail in the amount set, and other factors reflected by the evidence, and applying the foregoing legal principles, bail of $60,000.00 is excessive. Ex parte Josey, supra, and authorities there cited. We conclude that the trial judge abused his discretion in setting total bail at $60,000. In deciding this, we note that appellant's inability to make such bail is not the sole criteria considered by us.

Therefore, appellant is granted bail in the sum of $7,500.00 in each of the two cases charging delivery of L.S.D. and methamphetamine, and $5,000.00 in the case involving delivery of mescaline.

It is so ordered.

Opinion approved by the Court.