**Ex parte Ralph Leland REDLINE.**

**No. 50864.**

Court of Criminal Appeals of Texas.

Oct. 22, 1975.

Rehearing Denied Nov. 19, 1975.

Benny J. Lowe, Odessa, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a habeas corpus action instituted for the purpose of having petitioner's bail reduced. Petitioner is currently incarcerated in the Ector County Jail, under indictment for murder, and unable to secure his release on bail which has been set at $75,000.

Petitioner's bail was originally set at $500,000 but was reduced to the present figure after petitioner's first application for habeas corpus relief. From the record, it appears that petitioner's attorney agreed to the $75,000 setting, believing he would have no trouble in obtaining a surety bond in that amount. Subsequently, he had serious troubles in this regard and instituted this, petitioner's second application for writ of habeas corpus, apparently attacking the bail bond procedures in Ector County and the refusal of the sheriff there to accept any bond proffered on petitioner's behalf. We need not consider these questions because petitioner has made out a simple case of excessive bail.

Petitioner's three grounds of error can be considered together as complaining that the trial court abused his discretion in refusing to reduce petitioner's $75,000 bail. Consideration of this question is guided solely by Art. 17.15, V.A.C.C.P., which makes it clear that the question of bail is a matter within the trial judge's discretion. Art. 17.15 also suggests the following guidelines for fixing amount of bail:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

There was evidence at petitioner's habeas corpus hearing that he had made at least two attempts to present the sheriff with a bail bond for the full $75,000. In one such attempt, the sheriff apparently rejected petitioner's attorney's proffered bond because he was unsatisfied with the sufficiency of the security. When petitioner's attorney then presented another bond with another attorney as an additional surety, the proffered bond was again rejected because the sureties were only severally liable under Art. 17.23, V.A.C.C.P., and neither had security sufficient to satisfy the sheriff. The evidence showed that the district attorney would have been satisfied with a $50,000 cash bond, but that petitioner had only been able to accumulate $12,500. Although not controlling in this case, petitioner has thus demonstrated his inability to make bond. *Ex parte Sierra*, 514 S.W.2d 760 (Tex.Cr. App.1974).

The nature and circumstances of the offense are also relevant in setting bail. Petitioner stands indicted for murder, a first degree felony, punishable by imprisonment from five to ninety-nine years or life. The transcript of petitioner's examining trial, made a part of this record, reveals a circumstantial case, with no eye witnesses. Petitioner has never before been convicted of a felony in this or any other state. Prior to the alleged offense, he had lived in Ector County four and one-half years and was self-employed as a consulting engineer and geologist. He testified that he had at least four consulting jobs available to him in the event of his release, all in the Permian Basin area.

In the case of *Ex parte Josey*, 500 S.W.2d 148 (Tex.Cr.App.1973), petitioner therein was under indictment for murder and assault with intent to murder, and his bail in the two cases totaled $100,000. The evidence from Josey's examining trial was stronger than the evidence against petitioner here. Josey had likewise attempted and failed to make bail. This Court reduced Josey's bail to $10,000 in each of the two cases against him.

From an examination of the record before us, it appears that petitioner is certainly unable to make bail by himself, and that the attempts of others to post a bond for him have been rejected by the sheriff. The evidence of petitioner's guilt at the present time is circumstantial, and the likelihood of his jumping bail seems minimal. Under these circumstances, the $75,000 bail set is excessive. See and compare *Ex parte Guess*, 508 S.W.2d 640 (Tex.Cr.App.1974); *Ex parte Thompson*, 508 S.W.2d 624 (Tex. Cr.App.1974); *Ex parte Psaroudis*, 508 S.W.2d 390 (Tex.Cr.App.1974); *Ex parte Skinner*, 496 S.W.2d 633 (Tex.Cr.App.1973), and *Ancira v. State*, 494 S.W.2d 184 (Tex. Cr.App.1973). In view of the entire record, we hold that the trial court abused his discretion in failing to reduce petitioner's bail.

Therefore, petitioner is admitted to bail in the amount of $20,000 in this cause.

It is so ordered.

DOUGLAS, J., not participating.