**Ex parte Rhonda Carol CLARK.**

**No. 52423.**

Court of Criminal Appeals of Texas.

May 26, 1976.

---

1. There is nothing in the record to support this assertion.

Clark & Vannatta, Waco, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 54th Judicial District Court reducing bail from $50,000 to $40,000 in each case, both of which involved a charge of burglary of a habitation, a first degree felony.

It appears the $50,000 bail set in each case was by the Justice of the Peace before whom the appellant was charged.

At the habeas corpus hearing it was established that as a result of the execution of a search warrant at the house where the 19 year old appellant lived with her parents items taken in the two burglaries were recovered. While all items taken in one burglary were not recovered, it was estimated that $75,000 worth of items had been taken in that burglary.

Appellant's 44 year old father testified that he had lived in Waco for ten years and was a history teacher in a junior high school and that his income was about $13,500 a year; that his wife also worked for the Waco school making about $600 a month; that his take-home pay was about $340 each two weeks and that his wife's take-home pay was "about two forty." He related the

appellant was not employed and was going to school at T.S.T.I. taking Dental Lab Technology; that she was single, living at home and that she had no money of her own but was supported by her parents.

He further testified that he had checked with a bondsman and there was no way he could make bonds totalling $100,000, which would require a bond fee of 15% of the amount of bail; that he had checked with the attorneys handling the case and they were unable to make her bail; that he had $500 to $750 with which to make bail for his daughter, and that he thus could make bail in the amount of $2,500 in each case.

He admitted that he knew the appellant was presently on misdemeanor probation, but that if she was released on reasonable bail he and his wife would see she was present for trial.

At the conclusion of the hearing the court reduced bail in each case from $50,000 to $40,000.[1] This appeal results.

Article 17.15, Vernon's Ann.C.C.P., provides:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

The burden of proof in the habeas corpus hearing was upon the appellant. See *Holliman v. State,* 485 S.W.2d 912 (Tex. Cr.App.1972).

---

1. The reduction of bail does not call for the appellant to make another showing she is unable to make a bond in that amount before pursuing this appeal. *Ex parte Skinner,* 496 S.W.2d 633 (Tex.Cr.App.1973).

■ Here it was shown that appellant was a student, unemployed and being supported by her parents. It is well established that the ability or inability of an accused to make bail does not, alone, control in determining the amount of bail. *Ex parte Davis,* 159 Tex.Cr.R. 49, 261 S.W.2d 323 (1953); *Ex parte Nectoux,* 455 S.W.2d 249 (Tex.Cr.App.1970); *Ex parte Roberts,* 468 S.W.2d 410 (Tex.Cr.App.1971); *Ex parte Williams,* 467 S.W.2d 433 (Tex.Cr.App.1971); *Holliman v. State,* supra. It was shown that her father could make $2,500 bond in each case. And while this is not controlling, it is a factor to be considered.

■ The nature of the offense and the circumstances under which it was committed are to be considered, and this necessarily involves the punishment permitted by law. *Ex parte Cascio,* 140 Tex.Cr.R. 288, 144 S.W.2d 886 (Tex.Cr.App.1940); *Ex parte Roberts,* supra; *Holliman v. State,* supra. The evidence reflects that both offenses involved a burglary of a habitation in which rings, watches, and other jewelry were taken, and it is recognized that punishment for a first degree felony is life, or a term of not more than 99 years or less than five years. See V.T.C.A., Penal Code, Sec. 12.32.

■ While bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, the power to require bail is not to be so used as to make it an instrument of oppression.

■ Taking into consideration all of the foregoing, we find the bail set was excessive and we reduce the bail to $10,000 in each case.

It is so ordered.