**Ex parte Alejandro CEVALLOS.**

**No. 52242.**

Court of Criminal Appeals of Texas.

June 9, 1976.

Rehearing Denied June 30, 1976.

Percy Foreman and Dick DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order of the 174th District Court of Harris County in a habeas corpus proceeding in which appellant, who had been denied bond, sought to have the court set bail. The court found that appellant was entitled to be admitted to bail and same was set at $100,000.00.

Appellant stands charged by indictment with the offense of capital murder.

The Constitution of the State of Texas, Art. 1, Sec. 11, and Art. 1.07, V.A.C.C.P. both provide that all prisoners are entitled to bail except those charged with a capital offense "when the proof is evident."

In the instant case, no proof other than the indictment was offered by the State and the prosecutor stated to the court, "There is some question at this time as to whether or not we might prove all the elements [capital murder], Your Honor."

The burden is on the State to establish that the proof is evident. *Ex parte Wilson*, 527 S.W.2d 310 (Tex.Cr.App.); *Ex parte Sierra*, 514 S.W.2d 760 (Tex.Cr.App.); *Ex parte Forbes*, 474 S.W.2d 690 (Tex.Cr. App.). Clearly, the State did not establish that the proof was evident in the instant case and the trial court was correct in concluding that appellant was entitled to bail.

Dianne Cevallos, wife of appellant, testified that she and appellant did not own any real property, that they operated a small carpet business and that she had no money left after paying the bills for living expenses for her and their ten children. Mrs. Cevallos estimated that by going to "His [appellant's] brothers and sisters and friends" she could raise from "five hundred to a thousand dollars" with which to make bail.

While the ability or inability to make bail is a factor, it, alone, does not control the amount. *Ex parte Runo*, 535 S.W.2d 188 (Tex.Cr.App.); *Ex parte Poindexter*, 511 S.W.2d 529 (Tex.Cr.App.).

■ Under the evidence it would be a "useless thing" to require appellant to make a new showing in the trial court that he was unable to make a $100,000.00 bond. *Ex parte Skinner,* 496 S.W.2d 633 (Tex.Cr. App.), overruled *Roberts v. State,* 467 S.W.2d 475 (Tex.Cr.App.) and like cases which required such a showing in the trial court when such additional requirement would have been a "useless thing."

■ Another factor to be considered in fixing bail is the nature of the offense, and this necessarily involves consideration of the punishment permitted under the law. *Ex parte Runo,* supra; *Ex parte Taylor,* 531 S.W.2d 335 (Tex.Cr.App.). While the State did not make a showing of "proof evident" so as to justify the court in denying bail, such failure on the part of the State at the habeas corpus hearing does not absolutely foreclose the possibility that the maximum punishment will be assessed at the trial on its merits.

■ While the record reflects that appellant is under two other bonds for offenses in Harris County in the amounts of $2,500.00 and $1,000.00, and a case is pending against him in Bexar County, no prior convictions are shown.

Under the circumstances appearing in the record before us, we find bail in the amount of $100,000.00 to be excessive. See *Ex parte Redline,* 529 S.W.2d 68 (Tex.Cr.App.); *Ex parte Wilson,* supra; *Ex parte Sierra,* supra.

Petitioner is admitted to bail in the amount of $25,000.00 in this cause.

It is so ordered.

Opinion approved by the Court.