**Ex parte Oscar Puente LERMA.**

**Ex Parte Ascencion Vela SALINAS.**

**Nos. 56765, 56766.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 1, 1978.

James M. Sims and Allen C. Isbell, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Don R. Stricklin, Asst. Dist. Attys., Houston, for the State.

## OPINION

PHILLIPS, Judge.

These are appeals from an order denying relief after habeas corpus proceedings were instituted for the purpose of having petitioners' bail reduced.[1] Petitioners are currently incarcerated in the Harris County Jail, under indictment for possession of heroin. The record reflects that the bond in these cases was set for each petitioner in the amount of $300,000.00. On October 18, 1977, a hearing was had on petitioners' writs of habeas corpus for reduction of bond, and at the conclusion of the hearing the trial court refused to reduce petitioners' bonds.

Petitioners present 21 grounds of error in which they contend that the trial court abused its discretion in not reducing the petitioners' bonds. Consideration of this question is guided solely by Art. 17.15, V.A. C.C.P., which makes it clear that the question of bail is a matter within the trial judge's discretion. Art. 17.15, supra, also suggests the following guidelines for fixing the amount of bail:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point."

The evidence adduced at the habeas corpus hearing established that petitioner Lerma is a Mexican National, is married and has two children. Lerma and his family live in Monterrey in a house he has owned for four and a half years. The majority of petitioner Lerma's family lives in Mexico. He is employed as a taxi driver and has owned a brick factory in Monterrey for one and a half years. Although not totally paid for, petitioner Lerma also owns a 1977 Dodge automobile.

Petitioner Salinas is also a Mexican National, is married and has six children. Salinas lives in Monterrey with his family and owns his own home. He has no family living in the United States. His only connection with the United States is his employment as a parts buyer. He buys parts for large buses and trucks in the United States for use on vehicles in Mexico.

Gloria Machato, petitioner Lerma's sister, testified that she is married and has lived in Houston for nine years. She stated her brother was a responsible citizen and would appear for trial if he could raise bond. She further testified that she would allow petitioner Lerma to live in her home while the

1. These cases were submitted to Panel No. 3, First Quarter, 1978, on January 5, 1978, and transferred to the Court En Banc by the panel, pursuant to Rule 7 of the Rules of the Court of Criminal Appeals.

case was pending. Similar testimony was elicited from petitioner Lerma's brother, Isaac Lerma, and another sister, Rosie Muniz.

Paul Herring, a special agent for the United States Department of Justice Drug Enforcement Administration, testified that the petitioners' reputation for being peaceful and law abiding citizens was bad.

John Tannor, a deputy sheriff, testified that approximately 39 ounces of heroin were found in the car used by the two petitioners. He stated that there were 28 grams in one ounce and each gram had a street value of $55.00.

Neither petitioner had been previously convicted of a criminal offense in the State of Texas or in Mexico.

The primary object or purpose of an appearance bond is to secure the presence of the defendant in court upon the trial of the offense charged. *Ex parte Vasquez*, Tex. Cr.App., 558 S.W.2d 477 (1977); *Fly v. State*, Tex.Cr.App., 550 S.W.2d 684; *McConathy v. State*, Tex.Cr.App., 528 S.W.2d 594. While bail should be sufficiently high to assure the defendant's presence, it is not to be used as an instrument of oppression. Art. 17.15, supra; *Ex parte Kerr*, Tex.Cr. App., 549 S.W.2d 6; *Ex parte Clark*, Tex.Cr. App., 537 S.W.2d 40. Although not a controlling factor, we think petitioners have demonstrated their inability to make bond. *Ex parte Redline*, Tex.Cr.App., 529 S.W.2d 68; *Ex parte Sierra*, Tex.Cr.App., 514 S.W.2d 760; *Ex parte Runo*, Tex.Cr.App., 535 S.W.2d 188; *Ex parte McClellan*, Tex. Cr.App., 545 S.W.2d 483.

The nature and circumstances of the offense with which the petitioners have been charged must also be considered. In this regard, the punishment permitted by law may be considered. *Ex parte Bufkin*, Tex. Cr.App., 553 S.W.2d 116; *Ex parte Clark, supra.* In the present cases, the petitioners were charged with possession of heroin, a second degree felony, which carries a possible imprisonment of any term of years not less than two nor more than twenty. V.T. C.A., Penal Code, Sec. 12.33.

In viewing the record as a whole, we conclude that the bail of $300,000.00 was excessive. Bail is reduced and set in the sum of $75,000.00 for petitioner Lerma and set at $100,000.00 for petitioner Salinas.

It is so ordered.