**Ex parte Glenn WALTON.**

No. 61415.

Court of Criminal Appeals of Texas, Panel No. 1.

July 18, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., ODOM and DALLY, JJ., and KEITH, Commissioner.

OPINION

KEITH, Commissioner.

This appeal is taken from an order entered in a habeas corpus proceeding in the 47th District Court of Potter County. At the time of the filing of the application, appellant was under indictment for murder, it being alleged that he killed Michael Armstrong by shooting him with a gun. Appellant was incarcerated under a capias with the bond having been fixed by a magistrate at $50,000.

At the conclusion of the hearing on the application to reduce the amount of bail, the trial court noted that the bail "is to some degree excessive" and reduced the bond to $25,000. Appellant immediately gave notice of appeal and we have a record but no briefs from appellant or the State.

Appellant offered the testimony of a professional bondsman to the effect that the going rate for such bail bonds was ten percent of the face or penalty of the bond; that all bondsmen in the area almost invariably required payment of the premium in advance; that he would not become surety upon appellant's bond unless compensated at the usual rate in advance of becoming surety.

It was shown that appellant voluntarily surrendered to the police officers following the shooting and had "cooperated" with them to the extent of confessing to the shooting of deceased, the confession being found in our record.

Appellant testified that he was a life-long resident of the City of Amarillo and had attended school there; that he had never been convicted of any offense other than traffic violations and had never received a

probated sentence. He was nineteen years of age at the time of the hearing. His father had been employed in the sanitation department of the City of Amarillo for twenty-five years as a truck driver; that his mother also worked but her occupation was not disclosed. He was a part-time dishwasher and hay hauler.

Appellant also testified that he had no money, credit, property, assets, or savings of his own; but, that his father had obtained $500 (the inference in our record being that he borrowed it from a credit union), but that was all the funds he had to procure a bond to secure his release.

We express no opinion as to the guilt or innocence of appellant except to note that the confession which appellant introduced in evidence made a prima facie case of guilt. Presiding Judge Onion covered the subject admirably in *Ex parte Vasquez*, 558 S.W.2d 477 (Tex.Cr.App.1977), wherein the appellant was charged with capital murder. Many of the leading cases on the subject are discussed in *Vasquez*.

While our record does not disclose clearly that appellant is an indigent, such is the inescapable conclusion from his testimony and State's counsel made no effort to refute such an inference.

Considering the complete record, including the youth of the appellant, his lack of a prior criminal record, the fact that he surrendered voluntarily to the police, and his indigency, we conclude that bail even in the reduced sum of $25,000 is excessive. Tex. Code Crim.Proc.Ann. art. 17.15 (1977); *Ex parte Lerma*, 561 S.W.2d 10 (Tex.Cr.App. 1978); *Ex parte Vasquez*, supra.

Bail is reduced and now set at the sum of $15,000.

It is so ordered.

Opinion approved by the panel.