**Ex parte George Leslie HELLENGUARD.**

No. 68597.

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 28, 1981.

Nate Stark, Austin, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and TEAGUE, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 167th District Court of Travis County denying appellant's motion to reduce bail. The appellant is charged by indictment with the offense of murder; bond was set at $100,-000.

At the hearing on appellant's application for writ of habeas corpus, appellant's mother testified that she brought home approximately $600 a month from her job. The appellant's father is totally disabled, she testified. At the time appellant was arrested, appellant's bond was set at $25,000. Mrs. Hellenguard and her husband were able to make that bond. However, after the appellant was indicted, the amount of bond was raised to $100,000. Mrs. Hellenguard stated that she could not obtain any more money.

Appellant's mother said that her son was born in Austin and lived there his entire life. The appellant was employed in the oil fields prior to his arrest.

The State called Victoria Marcuse to the stand. The 19-year-old witness testified that on June 30, 1981, she was living with the deceased. She and the deceased had returned from grocery shopping that night, when she discovered the appellant hiding inside a kitchen cabinet. Marcuse ran into the bathroom to warn the deceased. The appellant came to the doorway with a 30–30 rifle. Marcuse was hiding in the bathtub when she heard a shot and shattering glass. The appellant then grabbed her and told her that he had heard from her mother that the deceased had planned to kill her. The appellant also said, "I just killed a man. I'm going to leave the country now."

The day after the shooting, the appellant voluntarily surrendered to the Sheriff. The appellant had no prior criminal record.

In *Ex Parte Walton*, 583 S.W.2d 786 (Tex.Cr.App.1979), the 19-year-old defendant, charged with murder, remained incarcerated under a capias with bond having been fixed at $50,000. The trial court in a habeas corpus proceeding reduced the bond to $25,000. On appeal, this Court considered the fact that the defendant was a life long resident of the area, his lack of a prior criminal record, his youth, the fact that he voluntarily surrendered to police and his indigency and reduced bond to $15,000.

The same considerations present in *Walton* are also present in the instant case. We

find that bond in the amount of $100,000 is excessive and we reduce it to $25,000. See Article 17.15, Vernon's Ann.C.C.P.

It is so ordered.