# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH



### NO. 02-13-00078-CR

EX PARTE ANGEL MATTHEWS

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Angel Matthews appeals from the trial court's order setting her pretrial bail at $75,000. We affirm the trial court's order.

## I. BACKGROUND

A grand jury indicted Matthews for three counts of injury to a child. After her arrest, the trial court set bail at $150,000. Matthews could not make the required bond for the bail amount; thus, she filed an application for writ of habeas corpus, seeking a reduction in the bail amount. *See* Tex. Code Crim. Proc. Ann.

---

[1]*See* Tex. R. App. P. 47.4.

art. 11.24 (West 2005); George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice & Procedure* § 21:8 (3d ed. 2011) (noting "defendants are left to habeas corpus as the vehicle for litigating" pretrial-release issues). The trial court held a hearing and heard evidence that Matthews, who previously had been declared indigent, could only post bond sufficient to secure a $15,000 bail amount. Matthews's mother testified that Matthews had family in Denton County and would have multiple places she could stay if released. The trial court granted Matthews's application, reducing the bail amount to $75,000 and conditioning her release on her living with no children under the age of fifteen:[2]

> THE COURT: . . . [T]he $150,000 bond seems pretty high in terms of the testimony that's been offered as to the Defendant's ability to make that. I believe that her ability to make bond is one factor that I can consider.
>
> I have significant concerns about her having any contact with children under the age of 15.
>
> I'm going to reduce the bond to [$]75,000 with conditions that she not be around any children under the age of 15 and that she not reside in a home - - or that she does not reside in a home where children are kept there under the age of 15, wherever that may be. That's my ruling.

Matthews filed a notice of appeal from the trial court's order. *See* Tex. R. App. P. 31; *cf. Ex parte Benefield*, No. 02-12-00242-CR, 2013 WL 173792, at *1 (Tex. App.—Fort Worth Jan. 17, 2013, pet. ref'd) (mem. op., not designated for publication) (addressing issues raised on appeal by appellant whose habeas-

---

[2]Matthews does not challenge the condition set by the trial court.

corpus application was granted by trial court and bail reduced). In a sole issue, Matthews asserts that the trial court abused its discretion by setting excessive pretrial bail.

## II. STANDARD OF REVIEW

We review a trial court's ruling on the setting of bail for an abuse of discretion. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2005); *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). A trial court abuses its discretion if it acts without reference to any guiding rules or principles, i.e., if the trial court's actions were arbitrary or unreasonable. *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pets. ref'd).

A trial court is to set appropriate bail under a statutory framework:

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1.    The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2.    The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3.    The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4.    The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5.    The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15.  The trial court also should consider the accused's potential sentence, the nature of the crime charged, the accused's work record, family ties, length of residency, prior criminal record, conformity with the conditions of any previous bail amount, the existence of outstanding bonds, and any aggravating circumstances alleged to have been involved in the charged offense.  *Rubac*, 611 S.W.2d at 849–50; *Hunt*, 138 S.W.3d at 506; *see also Ex parte Benefield*, No. PD-0147-13, 2013 WL 3196930, at *2 (Tex. Crim. App. June 26, 2013) (Cochran, J., concurring in refusal of PDR).

The primary purpose of bail is to secure the accused's presence at trial on the offense charged.  Tex. Code Crim. Proc. Ann. art. 17.01 (West 2005), art. 17.02 (West Supp. 2012).  Thus, bail should be set high enough to give reasonable assurance that the accused will appear at trial without becoming oppressive.  *Ex parte Scott*, 122 S.W.3d 866, 868 (Tex. App.—Fort Worth 2003, no pet.).  An accused's inability to meet the bail set by the trial court does not automatically render the amount excessive.  *Id.* at 870.  In a habeas-corpus proceeding, the accused bears the burden of proof to show that the bail is excessive.  *Rubac*, 611 S.W.2d at 849.

### III.  DISCUSSION

#### A.  PRESERVATION OF ERROR

The State argues that Matthews has failed to preserve any error regarding the bail amount because the trial court granted Matthews all the relief she requested—a reduction in the bail amount.  However, "[t]he reduction of bail does

4

not call for the appellant to make another showing she is unable to make a bond in that amount before pursuing this appeal." *Ex parte Clark*, 537 S.W.2d 40, 41 n.1 (Tex. Crim. App. 1976); *Ex parte Prelow*, 929 S.W.2d 54, 56 n.2 (Tex. App.—San Antonio 1996, no pet.). Indeed, Matthews argued at the hearing on her habeas-corpus application that any bail set at more than $15,000 was excessive, which is the argument she raises here. We conclude Matthews did not forfeit her excessive-bail complaint. *Cf. Margoitta v. State*, 994 S.W.2d 336, 341 (Tex. App.—Waco 1999, no pet.) (holding appellant forfeited complaint regarding set bail conditions because no argument against conditions raised at any time in trial court).

## B. REASONABLENESS OF BAIL

At the hearing, it was undisputed that Matthews was indigent and could not make bond to secure bail set in excess of $15,000.[3] Further, Matthews's mother testified that she would ensure that Matthews appeared at trial because she would be the one posting Matthews's bond. Matthews is charged with three counts of injury to a child, each of which carries a penalty range of life or for any term of not more than 99 years or less than 5 years. Tex. Penal Code Ann. § 12.32(a) (West 2011), § 22.04(e) (West Supp. 2012). At the time of the hearing,

---

[3]The State argues that Matthews's mother's testimony on this point was "somewhat evasive," which "diminish[ed] her credibility." But the State offered no evidence to dispute Matthews's inability to make a bond to secure bail set in excess of $15,000. Further, the trial court explicitly found that Matthews was not able to post sufficient security for $150,000 bail.

the Texas Department of Family and Protective Services was seeking to terminate Matthews's parental rights to her daughter. The child Matthews allegedly injured is her daughter, who currently is in foster care. Matthews has family ties in Denton County and some work history, but Matthews previously lived in California and has "significant ties" there as well. Matthews has a "significant" history of drug abuse. Indeed, her daughter tested positive for cocaine as an infant.

Because some of the statutory and common-law factors weighed in favor of setting a bond higher than $15,000, we cannot conclude that the trial court abused its discretion in reducing Matthews's bail to $75,000—an amount $60,000 more than she requested but $75,000 less than the original bail amount. *See, e.g.*, *Ex parte Bell*, No. 03-09-00037-CR, 2009 WL 1364355, at *7–8 (Tex. App.—Austin May 12, 2009, no pet.) (mem. op., not designated for publication); *In re Hulin*, 31 S.W.3d 754, 758–62 (Tex. App.—Houston [1st Dist.] 2000, no pet.); Dix & Schmolesky, *supra*, at § 21:24. Considering the evidence presented, if Matthews fails to appear for trial, it is her mother's savings that would be at risk, not her own. In light of the serious nature of the alleged crimes, the potential sentence, the trial court's concern for the future safety of children Matthews might have access to, and taking into account her history of drug abuse, the trial court did not abuse its discretion. *Scott*, 122 S.W.3d at 870–71; *Hulin*, 31 S.W.3d at 758–62; Dix & Schmolesky, *supra*, at §§ 21:25–21:30. We overrule Matthews's sole point.

## IV.  CONCLUSION

Having overruled Matthews's point, we affirm the trial court's order.


                                        LEE GABRIEL
                                        JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 18, 2013