Charles Thomas BRIANS, Appellant,

v.

STATE of Texas, Appellee.

No. 12–81–0216–CR.

Court of Appeals of Texas, Tyler.

Jan. 21, 1982.

Discretionary Review Refused May 5, 1982.

---

4. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

Clifton Holmes, Kilgore, for appellant.

Robert R. Foster, Longview, for appellee.

**PER CURIAM.**

This is an appeal from an order entered in a habeas corpus proceeding in the 124th Judicial District Court reducing bail for the appellant, Charles Thomas Brians, from $1 million to $100,000 in a case which involved a charge of aggravated possession of marijuana under Sec. 4.051(c) of the Controlled Substances Act, Article 4476–15, Vernon's Tex.Civ.Stat.[1]

It appears the $1 million bail was originally set by the Justice of the Peace. At the habeas corpus hearing before the district judge, Donna Tonjes, the wife of one of Brians' co-defendants, testified that she was acquainted with the applicant; that he is a charter pilot; that he was recently divorced; that his friends and family could probably come up with as much as two thousand dollars to help him make bail; and that he was unable to make a million dollar bail.

Donald Kilarick, a professional bondsman, testified that he had examined Brians' ability to make bail and had determined he would not be able to make a million dollar bond. He further testified his fee for making a bond would be fifteen percent of the amount of bail.

Barbara Joyce Johnson, a friend of Brians, testified that she could probably borrow between fifteen hundred to two thousand dollars to assist Brians in getting a bond. As far as she knew, he had little financial resources of his own nor could he expect much help from his family.

At the conclusion of the hearing the court reduced bail from $1 million to $100,000. This appeal results.

We first address the State's concern that this court is without jurisdiction to hear this appeal. The State argues that the Texas Constitution only gives the power to issue writs of habeas corpus to the Court of Criminal Appeals.[2] Yet the Texas Code of Criminal Procedure provides in Article 44.38 that the Court of Appeals can decide appeals arising in habeas corpus proceedings. The State claims that without a constitutional delegation of power, the courts of appeal have no authority to decide such appeals.

---

1. The offense of aggravated possession of marihuana is found at art. 4476–15, § 4.051(c) (Vernon 1982) of the Texas Controlled Substances Act. The legislature, however, passed two entirely different § 4.051 amendments to the Texas Controlled Substances Act. *Compare* 1981 Tex.Sess.Law Serv., ch. 268, § 4.051, at 702–03 (Vernon) (Unlawful possession of marihuana) with 1981 Tex.Sess.Law Serv., ch. 276, § 4.051, at 741 (Vernon) (Delivery of controlled substance to minor).

2. Article V, Section (5) of the Texas Constitution was amended in 1980 to read as follows, in pertinent part:

   Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the Writ of Habeas Corpus . . .

We disagree. When Section (5) of Article V was amended in 1980, so was Section (6) of the same article. It now reads, in part:

Section (6). The Legislature shall divide the State into such Supreme Judicial Districts as the population and business may require, and shall establish a Court of Appeals in each of said Districts, which shall consist of a Chief Justice and at least two (2) Associate Justices, who shall have the qualifications as herein prescribed of the Supreme Court. The Court of Appeals may sit in Sections as authorized by law. The concurrence of a majority of the Judges sitting in a Section is necessary to decide a case. Said Court of Appeals shall have Appellate Jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have Original or Appellate Jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said Court shall be conclusive on all questions of fact brought before them on appeal or error. *Said Court shall have such other jurisdiction, Original and Appellate, as may be prescribed by law ....*" (Emphasis ours.)

We believe the emphasized sentence in Section (6) gives the legislature the power to grant appellate jurisdiction in habeas corpus matters to the courts of appeal.

Having decided we have jurisdiction in this case, we next consider appellant's argument that the trial court abused its discretion in setting his bail at $100,000.

Article 17.15, Vernon's. Ann.C.C.P., provides:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

The burden of proof in the habeas corpus hearing was upon the appellant. *Ex Parte Clark*, 537 S.W.2d 40, 41 (Tex.Cr.App.1976).

Here it was shown that appellant was a charter pilot without a regular source of income. It is apparent that he can expect little help from friends or relatives. It is well established that the ability or inability of an accused to make bail does not, alone, control in determining the amount of bail. *Ex Parte Keller*, 595 S.W.2d 531, 533 (Tex.Cr.App.1980). However, it *is* an element to be considered along with other statutory factors.

The nature of the offense and the circumstances under which it was committed are also to be considered, and this necessarily involves the punishment permitted by law. *Ex Parte Clark*, 537 S.W.2d 40, 42 (Tex.Cr.App.1976). Upon conviction, Brians would be subject to confinement in the Texas Department of Corrections for a term of not less than 10 years, and could receive a life sentence. He would also be subject to a fine not to exceed $100,000. See sec. 4.051(d)(2), Controlled Substances Act, Art. 4476–15, Vernon's Tex.Civ.Stat.

While bail should be sufficiently high to give reasonable assurances that the defendant will appear for trial, the power to require bail is not to be so used as to make it an instrument of oppression. *Ex Parte Vance*, 608 S.W.2d 681, 682 (Tex.Cr.App. 1980).

Taking into consideration of the foregoing, we find the bail set was excessive. Appellant's request for a reduction of bail is granted, and bail is set in the sum of $50,000.

It is so ordered.