Donald Wayne DOWLING, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–83–299–CR.

Court of Appeals of Texas, Waco.

Nov. 10, 1983.

Petition for Discretionary Review Refused Dec. 7, 1983.

Bill A. Leonard, Cleburne, Danny D. Burns, Fort Worth, for appellant.

John R. MacLean, Dist. Atty., Cleburne, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Dowling from an order entered in a habeas corpus proceeding in 18th District Court reducing bail for appellant from $200,000.00 to $100,000.00 in a case which involved the manufacture and possession of a controlled substance, amphetamines, in an amount of more than 400 grams, enhanced by a prior conviction for a felony delivery of a controlled substance: amphetamines.

At the conclusion of the hearing the trial court reduced bail from $200,000.00 to $100,000.00 and appellant appeals to this Court seeking further reduction.

Article 17.15 VACCP provides:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2) The power to require bail is not to be used as to make it an instrument of oppression.

3) The nature of the offense and the circumstances under which it was committed are to be considered.

4) The ability to make bail is to be regarded, and proof may be taken on this point.

The burden of proof in the habeas corpus hearing was on appellant. *Ex Parte Clark*, Tex.Cr.App., 537 S.W.2d 40; *Brians v. State*, Tex.App. (Tyler) Dis.Rev.Ref., 627 S.W.2d 807.

The record here reflects that appellant has no permanent address, that before his arrest he was working part time in a body shop in Arlington, but that he does not know the address. It is further reflected that he has lived in and around Tarrant County for the last 3 or 4 years. He is a single man, he has a mother, 2 brothers and 3 sisters but has not been in contact with any of them since he has been in jail. It is further reflected that the appellant cannot make a $200,000.00 bond, that he has about $300.00 or $400.00 in money and that he could make a bond for $25,000.00. In the past, although out on bond in several cases, the appellant has never failed to appear when his case was called for trial. He has been in trouble on 2 drug related cases and has been to the penitentiary for burglary, violation of probation and for delivery of a controlled substance: amphetamines. He has also had 2 misdemeanor convictions for possession of marihuana. At the time he was indicted in the instant case he had been out of the penitentiary for 5 months.

This case is to be set for trial in December 1983, or in January 1984.

After considering the foregoing the trial court felt that $100,000.00 was the amount necessary to secure appellant's appearance at the trial of his case. We find no abuse of discretion on the part of the trial court under the record made.

AFFIRMED.