Ex parte Oscar Derwood DUEITT.

No. 51234.

Court of Criminal Appeals of Texas.

Nov. 12, 1975.

Rehearing Denied Nov. 26, 1975.

Dan B. Gerson, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a habeas corpus action instituted by petitioner in the 174th District Court of Harris County for the purpose of obtaining a bail reduction. The record reveals that petitioner was arrested and charged with two illegal sales of heroin. Harris County Justice of the Peace Laurence Wayne originally reduced petitioner's bail from $20,000 to $2,500 in cause number 232,679 and from $40,000 to $7,500 in cause number 232,678. After his release on bail totaling $10,000 petitioner was indicted and the district court reset his bail at the original figures totaling $60,000. Petitioner has been unable to secure his release on the $60,000 bail.

■ Consideration of this question is guided by Art. 17.15, V.A.C.C.P., which makes it clear that the question of bail is a matter within the trial court's sound discretion. Art. 17.15 specifies the following guidelines for fixing the amount of bail.

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

Petitioner is 23 years old, married, and the father of a three year old daughter. He stands indicted for two offenses of delivery of a controlled substance, to-wit: heroin. Punishment for either offense is confinement in the penitentiary for life or any period not less than five (5) nor more than ninety-nine (99) years. The record does not contain any of the circumstances of the two alleged offenses. It does reveal, however, that petitioner has lived his entire life in Harris County and has never before been convicted of a felony. Petitioner's employer testified that he could have his job back if he won release on bail. No witness expressed the slightest worry that petitioner might skip bail.

Although not controlling, the accused's ability or inability to make bail is also relevant. *Ex parte Redline*, Tex.Cr.App., 529 S.W.2d 68 (delivered October 22, 1975). The record is not well developed in this respect but it is clear that the court reduced petitioner's bail from $60,000 to $40,000 at the conclusion of the habeas corpus hearing. Although there has been no showing of an effort on petitioner's part to make the reduced bail, see *Roberts v. State*, 467 S.W.2d 475 (Tex.Cr.App.1971), we will not require him to do a "useless thing." *Ex parte Skinner*, 496 S.W.2d 633 (Tex.Cr.App.1973). The record contains evidence suggesting that the funds of petitioner and his family were exhausted in obtaining his release on the original $10,000 bail. Although it is admitted that no one has contacted a professional bondsman on the possibility of obtaining petitioner's release on a surety bond, both his employer and his father-in-law indicated a financial inability to do so. Although the record is far from clear on this point, it is reasonable to conclude that the difficulties petitioner and his family encountered in securing his release on $10,-

000 bail would be increased four-fold in attempting to meet even the reduced $40,000 bail.

■ The amount of the bail should also be high enough to insure the performance of the obligation. It is clear that $10,000 bail is sufficient in this respect. The record reveals that petitioner was originally released on $10,000 bail. He nevertheless appeared in court to answer to the indictments when he knew that the grand jury had recommended resetting his bail at $60,000.[1] As expected, he was returned to custody where he still remains.

■ Considering the nature and circumstances of the offense, petitioner's difficulty in raising sufficient bail money, and his past performance on a considerably lower bail obligation, we conclude that $60,000 bail is excessive. *Ex parte Guess*, 508 S.W.2d 640 (Tex.Cr.App.1974) involved similar offenses, a similar absence of prior criminal offenses, and an identical bail of $60,000. This Court held that bail excessive under those facts. Likewise we hold that petitioner's bail is excessive and, in view of his demonstrated ability to make $10,000 bail, order reduction of the bail to that original figure.

Bail in cause number 232,678 is set at $7,500 and in cause number 232,679 at $2,500.

It is so ordered.

MORRISON, J., dissents to the amount of reduction.

DOUGLAS, J., not participating.

---

**1.** The practice of the grand jury recommending the amount of bail finds no support in the statutes and is not a commendable practice.