Opinion issued December 14, 2006


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00283-CR






BRUCE GLENN MILNER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 149th District Court

Brazoria County, Texas

Trial Court Cause No. 49995






O P I N I O N


 Appellant, Bruce Glenn Milner, is charged with murder and attempted murder. 
The trial court set bail at $500,000. Milner filed an application for writ of habeas
corpus and bond reduction which the trial court denied. In one point of error,
appellant argues that the trial court erred by denying his request to reduce bail.

 We affirm.

Background


 The probable-cause complaint stated that appellant shot his wife and mother-in-law behind a Regions Bank and then fled the scene in a gold-colored vehicle.
Appellant's wife died from her wounds, but appellant's mother-in-law lived. When
police later found appellant driving the gold-colored vehicle, a high-speed chase
ensued that resulted in appellant's arrest. Officers found a firearm in the vehicle with
a round in the chamber and seven live rounds in the firearm's magazine. The
ammunition was described as "hollow point[s]." 

 The State indicted appellant for murder of his wife, Leza Maddalone, with a
deadly weapon. The State also indicted appellant for attempted murder of his mother-in-law, Debra Sanchez, with a deadly weapon. The trial court set appellant's bail at
$500,000. 

 Appellant filed an application for habeas corpus which requested that his bail
be reduced. At the bail hearing, appellant stated that his bail was currently set at
$500,000. He also testified that he had two other $15,000 bail amounts. After
hearing testimony from the parties, the trial court denied appellant's application for
habeas corpus relief. Appellant appeals from this order.

Analysis


 The standard of review for reviewing bail settings is whether the trial court
abused its discretion. See Ex parte Rubac, 611 S.W.2d 848, 849 (Tex. Crim. App.
1981). In the exercise of its discretion, a trial court should consider the following
rules in setting a defendant's bail:

 1. The bail shall be sufficiently high to give reasonable
assurance that the undertaking will be complied with.


 2. The power to require bail is not to be so used as to make it
an instrument of oppression.


 3. The nature of the offense and the circumstances under
which it was committed are to be considered.


 4. The ability to make bail is to be regarded, and proof may
be taken upon this point.


 5. The future safety of a victim of the alleged offense and the
community shall be considered.


Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005); see Ludwig v. State, 812
S.W.2d 323, 324 (Tex. Crim. App. 1991) (noting that the court is "to be governed in
the exercise of [its] discretion by the Constitution and by the [article 17.15 factors]"). 
The burden of proof is upon a defendant who claims bail is excessive. Rubac, 611
S.W.2d at 849; Ex parte Martinez-Velasco, 666 S.W.2d 613, 614 (Tex.
App.--Houston [1st Dist.] 1984, no pet.). The primary purpose for setting bond is
to secure the presence of the defendant in court at his trial. Ex parte Vasquez, 558
S.W.2d 477, 479 (Tex. Crim. App. 1977); Ex parte Bonilla, 742 S.W.2d 743, 744
(Tex. App.--Houston [1st Dist.] 1987, no pet.). The amount of bail should be set
sufficiently high to give reasonable assurance that the accused will comply with the
undertaking, but should not be set so high as to be an instrument of oppression. Ex
parte Bufkin, 553 S.W.2d 116, 118 (Tex. Crim. App. 1977); Ex parte Willman, 695
S.W.2d 752, 753 (Tex. App.--Houston [1st Dist.] 1985, no pet.). Courts should also
consider the defendant's work record, family ties, residency, past criminal record,
conformity with previous bond conditions, other outstanding bonds, and aggravating
factors involved in the offense. See Rubac, 611 S.W.2d at 849; see also
Martinez-Velasco, 666 S.W.2d at 614-15.

 In his sole point of error, appellant argues that the evidence was legally
insufficient to deny his request to reduce bail and that the trial court abused its
discretion in denying appellant's request to reduce bail. (1) To determine whether the
trial court abused its discretion, we consider the rules found in article 17.15 of the
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 17.15.

A. Nature of the Offense

 The record reflects that the State indicted appellant for intentionally or
knowingly causing the death of his wife with a firearm, a first degree felony. See
Tex. Pen. Code Ann. § 19.02(b) (Vernon 2003). The offense carries a sentence of
5 to 99 years or life and a fine not to exceed $10,000. Id. § 12.32(a), (b) (Vernon
2003). The State also indicted appellant for attempting to intentionally or knowingly
cause the death of his mother-in-law with a deadly weapon. Attempted murder is a
second degree felony. Id. §§ 15.01(a), (d), 19.02(b) (Vernon 2003) . The offense of
attempted murder carries a sentence of 2 to 20 years and a fine not to exceed $10,000. 
Id. § 12.33(a), (b) (Vernon 2003). The State also included two enhancement
paragraphs that could qualify appellant as an habitual offender, thus elevating
appellant's punishment range. See id. § 12.42(d) (Vernon Supp. 2006). In that
instance, the minimum sentence appellant could receive, if convicted, is 25 years. See
id. 

 In other murder cases, $500,000 for bail has been held not to be excessive. See
Ex parte Davis, 147 S.W.3d 546 (Tex. App.--Waco 2004, no pet.) (reversing trial
court's bail amount of $1,000,000 for murder and rendering bail at $500,000 for one
defendant and $750,000 for a co-defendant); Ex parte White, 01-02-00480-CR, 2002
WL 1933721 (Tex. App.--Houston [1st Dist.] Aug. 22, 2002, no pet.) (not designated
for publication) (affirming the trial court's reduction of bail from $500,000 to
$475,000 for defendant charged with murdering his wife); Ex parte Simpson, 77
S.W.3d 894 (Tex. App.--Tyler 2002, no pet.) (affirming $600,000 bail for capital
murder when appellant charged with brutal and violent crime and posed a threat to
community); Ex parte Chavfull, 945 S.W.2d 183 (Tex. App.--San Antonio 1997, no
pet.) (holding that $750,00 bail is not excessive for defendant charged with murdering
an individual with a firearm because violent nature of crime and threat to
community).

 Here, the nature of the offense reflects that appellant allegedly shot and killed
his wife and shot his mother-in-law multiple times, all in front of his children. Based
on the serious nature of the crime and the substantial penalty if convicted, the trial
court could have reasonably concluded that the nature of the offense did not favor a
bail reduction. 

B. Sufficient Bail to Assure Appearance But Not Oppress

 Other than living in Harris County for a very short period, appellant has always
lived in Brazoria County. At the time of the offense, appellant, age 35, was studying
automotive technology at Brazosport College. Prior to taking classes, he worked as
a contractor. Appellant has two children, ages six and seven. Appellant's children
currently reside at his mother's home in Oyster Creek. Appellant also has additional
family members in Brazoria County and a cousin who lives in San Antonio. 
Appellant owns no real estate and no personal property, such as automobiles,
airplanes, or boats. Although appellant previously worked as a contractor, he testified
that he owns no tools. Appellant also testified that he had no bank accounts that
contained any funds and no savings accounts. 

 This evidence indicates that, other than being near his two children and other
family members, appellant does not have a reason to remain in Brazoria County, if
released on bail. Before his arrest, appellant was not employed, he owns no property
in the area, and he has no checking or savings accounts. Before his arrest, appellant
led police on a high-speed chase, which demonstrates he could be a flight risk. Thus,
the trial court may have concluded that a reasonably high bail is necessary to have 
assurance that appellant will appear at trial. In addition, the record contains nothing
to indicate that the trial court rendered its decision for the purpose of forcing
appellant to remain incarcerated pending trial. See Ex parte Harris, 733 S.W.2d 712,
714 (Tex. App.--Austin 1987, no pet.) (trial judge stated, "I'd rather see him in jail
than to see someone's life taken. . . ."). 

C. Ability to make bail

 To show that he is unable to make bail, a defendant generally must show that
his funds and his family's funds have been exhausted. Ex parte Willman, 695 S.W.2d
at 754 (citing Ex parte Dueitt, 529 S.W.2d 531, 532 (Tex. Crim. App. 1975)); see
also Richardson v. State, 181 S.W.3d 756, 760 (Tex. App.--Waco 2005, no pet.)
(considering funds of appellant's father and brother). Unless he has shown that his
funds and those of his family have been exhausted, a defendant must usually show
that he made an unsuccessful effort to furnish bail before bail can be determined to
be excessive. Ex parte Willman, 695 S.W.2d at 754; see Ex parte William, 467
S.W.2d 433, 434 (Tex. Crim. App. 1971). If both the defendant and his family
indicate a financial inability to procure a surety bond, the court will not require him
"to do a useless thing." Ex parte Dueitt, 529 S.W.2d at 532-33. 

 The ability or inability of an accused to make bail, however, even indigency,
does not alone control in determining the amount of bail. Ex parte Charlesworth, 600
S.W.2d 316, 317 (Tex. Crim. App. 1980); Ex parte Branch, 553 S.W.2d 380, 382
(Tex. Crim. App. 1977); Ex parte Hulin, 31 S.W.3d 754, 759 (Tex. App.--Houston
[1st Dist.] 2000, no pet.). If the ability to make bond in a specified amount
controlled, the role of the trial court in setting bond would be completely eliminated
and the accused would be in the position to determine what his bond should be. Ex
parte Miller, 631 S.W.2d 825, 827 (Tex. App.--Fort Worth 1982, pet. ref'd). 

 Here, appellant testified that he owned no real estate and no personal property
such as automobiles, airplanes, or boats. He also testified that he had no bank
accounts that contained any funds, no savings accounts, and no financial instruments. 
When the State asked appellant whom he contacted regarding the $500,000 bond,
appellant stated, "I haven't contacted anybody." Appellant's mother, Evelyn Jean
Morrison, testified that she called a bonding company and learned that she had to post
10 percent of the total bond. She testified that she had no means of acquiring
$50,000. She is currently supporting appellant's two children. She and her husband,
Carl Morrison, own their home and have a mortgage. She stated that the value of her
home is about $70,000 and that she still owes $40,000. She has no other property
except some property that they sold in which they are now the note owner. She
receives $450 in monthly income on the note. She retired from Dow chemical after
30 years of service and now receives a $3,100 monthly retirement check from Dow
before taxes. She owns a 1999 Ford Taurus free and clear, but owes $5,000 on a
1999 Honda Odyssey van. Her husband teaches flight instruction on ultralight
airplanes, but he cannot currently give lessons. She has $2,000 in a checking
account, but no savings accounts or certificates of deposit. She has a 401k retirement
account worth about $90,000.

 The evidence shows that appellant himself made no effort to determine whether
he could obtain a bond to make bail. Nevertheless, his testimony indicates that he
does not have the financial resources to make the bond. Appellant's family does not
have the financial resources to pay for the bond in cash, but the trial court may have
determined that appellant's mother could obtain a bond in light of the value of her
401k account and that no attempt had been made to determine whether appellant
could obtain a bond on the basis of his family's resources. Thus, the trial court could
have determined that the evidence supports maintaining the present bail amount. 
Even if appellant had established that he could not make bail, however, this element
would not control over all other considerations. See Ex parte Charlesworth, 600
S.W.2d at 317.

D. Future Safety of Victim and Community and Other Factors

 Finally, article 17.15 of the Code of Criminal Procedure requires that "[t]he
future safety of a victim of the alleged offenses and the community shall be
considered." Tex. Code Crim. Proc. Ann. art. 17.15. Additional factors to consider
in reviewing a bond decision include appellant's work record, family ties, length of
residency, past criminal record, conformity with the conditions of any previous bond,
other outstanding bonds, and aggravating factors involved in the offense. See Rubac,
611 S.W.2d at 849-50; Aviles v. State, 23 S.W.3d 74, 80 (Tex. App.--Houston [14th
Dist.] 2000, pet. ref'd). 

 Although no specific evidence was introduced, one of appellant's alleged
victims, his mother-in-law, could be at risk if appellant makes bail. Also, when
appellant's own mother was asked if appellant could live with her and the children
if appellant were released on bond, appellant's mother stated, "I've got a lot of
conflicting thoughts in my head about that." This evidence supports maintaining the
present bail amount.

 Moreover, appellant's record and the gravity and nature of the charges against
him indicate that he presents a risk to the safety of the community. We have already
considered what little information the record provides on appellant's work record,
family ties, and length of residency. Thus, we turn to appellant's past criminal record. 
Appellant admitted that he was convicted of burglary and received a seven-year
sentence, but he had to serve only four years. Appellant admitted that he went to the
penitentiary for a burglary that occurred in Brazoria County. He also went to prison
for aggravated assault that occurred in Harris County. (2) He recalled being arrested for
making a terroristic threat against his mother in 1989. He also admitted that he had
been arrested twice for unlawfully carrying a weapon, once in Harris County and once
in Brazoria County. He was convicted for possession of marihuana in 2000 in
Houston. He also was arrested in 2003 for terroristic threats, an offense of which he
was acquitted. Prior to the time the current indictment alleges appellant murdered his
wife, appellant's wife had obtained a protective order against appellant. Appellant
admitted that he was also charged with evading arrest after the alleged shooting of his
wife. None of these factors favors a bail reduction. 

 Appellant did present evidence that he had complied with past conditions of
bail from a charge of terroristic threat in which the jury found him not guilty. He also
has a total of $30,000 in bail for two other offenses. Appellant's past compliance
with his conditions of bail and the additional $30,000 in bail would favor a reduction
in bail. However, based on the totality of these other factors, the trial court could
have determined that the evidence supports maintaining the present bail amount. 


Conclusion


 Given appellant's extensive criminal history, the lack of evidence of his
connections to Brazoria county, the violent nature of the alleged crimes, appellant's
potential as a flight risk, and the safety of the victim, appellant's children, and the
community, we conclude that the trial court did not abuse its discretion in refusing
to reduce bail. 

 We affirm the order of the trial court.


 

 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.

Publish. Tex. R. App. P. 47.2(b).
1. Although appellant argues that the evidence is legally insufficient, we note that we
review a bond reduction proceeding under an abuse of discretion standard of review.
See Ex parte Ruiz, 129 S.W.3d 751, 753 n.2 (Tex. App.--Houston [1st Dist.] 2004,
no pet.) ("We publish this opinion to clarify the standard of review in bond reduction
proceedings to be abuse of discretion.").
2. The State filed a notice of supplemental pleadings alleging that appellant had been
previously convicted of aggravated assault and burglary of a building.