NO









 NO. 12-09-00246-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     APPEAL
FROM THE 2ND

EX PARTE: DICKIE PAUL
BELLANGER

                                                                             '     JUDICIAL
DISTRICT COURT OF

 

                                                                             '     CHEROKEE
COUNTY, TEXAS

 





                                                      MEMORANDUM
OPINION

Dickie Paul Bellanger appeals from a trial court order
denying him relief on his application for writ of habeas corpus seeking a
reduction in bail.  We reverse and remand.

 

Background

Appellant was arrested on several charges including two
counts of aggravated sexual assault, two counts of injury to a child, and one count
of indecency with a child.  The alleged victims were the young daughter and son
of Appellant’s girlfriend.  Bail was set in a total amount of $1.725 million. 
Appellant was unable to post bail, and he filed an application for writ of
habeas corpus in which he requested that his bail be reduced.  Appellant
claimed he was indigent and suggested that bail in the amount of $30,000 for
all charges would be sufficient to secure his presence at trial.  The trial
court granted the writ but denied relief following a hearing.  This appeal
follows.

 

Reduction of Bail

          
 In two issues, Appellant contends that the trial court abused its discretion
by not lowering his bail. 

Standard of Review

The decision regarding a proper bail amount lies within the
sound discretion of the trial court.  Tex.
Code Crim. Proc. Ann. art. 17.15
(Vernon 2005).  Accordingly, we review the trial court’s ruling on a request to
reduce bail under an abuse of discretion standard.  See Ex parte
Rubac, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981); Clemons v.
State, 220 S.W.3d 176, 178 (Tex. App.–Eastland 2007, no pet.) (per
curiam).  In determining whether the trial court abused its discretion, we do
not substitute our judgment for that of the trial court.  Montgomery v.
State, 810 S.W.2d 372, 379–80 (Tex. Crim. App. 1990).  The purpose of
our review is to determine whether the trial court’s decision was made without
reference to any guiding rules or principles of law, or in other words, whether
the decision was arbitrary or unreasonable.  Id. at 380.  An
abuse of discretion occurs when a trial court’s decision is so clearly wrong as
to lie outside the zone of reasonable disagreement.  Id. at 391
(op. on reh’g). 

Applicable
Law

Excessive bail is prohibited by the Eighth Amendment to the
United States Constitution and by article I, section 13 of the Texas
Constitution.  See U.S. Const.
amend. VIII; Tex. Const. art. I, § 13.  With few
exceptions, all persons accused of a crime in Texas have a right to bail
pending trial.  Tex. Const. art.
I, § 11; Tex. Code Crim. Proc. Ann. art.  1.07 (Vernon 2005).  The primary
purpose of an appearance bond or bail is to secure the presence of the accused
at trial on the offense charged.  Ex parte Rodriguez, 595 S.W.2d
549, 550 (Tex. Crim. App. 1980).  While bail should be sufficiently high to
give reasonable assurances that the accused will appear, the power to require
bail should not be used as an instrument of oppression.  Ex parte Ivey,
594 S.W.2d 98, 99 (Tex. Crim. App. 1980).  In setting bail, therefore, a
balance must be struck between the defendant’s right to bail and the state’s
interest in assuring the defendant’s appearance at trial along with
considerations of the safety of the community.  See Ex parte Beard,
92 S.W.3d 566, 573 (Tex. App.–Austin 2002, pet. ref’d).  The burden is on the
appellant to show the bail amount is excessive.  See Ex parte
Charlesworth, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980).

The Texas
Legislature has established the following factors to be considered by the trial
court in setting pretrial bail:

1.      
The
bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.

 

2.      
The
power to require bail is not to be so used as to make it an instrument of oppression.

 

3.      
The
nature of the offense and the circumstances under which it was committed are to
be considered.

 

4.      
The
ability to make bail is to be regarded, and proof may be taken upon this point.

 

5.      
The
future safety of a victim of the alleged offense and the community shall be
considered.

Tex. Code Crim. Proc. Ann. art. 17.15. 

Consideration of the nature of the offense and the
circumstances of its commission necessarily involves consideration of the
punishment authorized by law.  Ex parte Ivey, 594 S.W.2d at 99.  Moreover,
the ability of an accused to post bail is merely one factor to be considered in
determining the appropriate bail.  See Brown v. State, 11
S.W.3d 501, 504 (Tex. App.–Houston [14th Dist.] 2000, no pet.).  A defendant’s
inability to meet the bail set by the trial court does not automatically render
the bail excessive.  Id.

Other factors that may be considered include any aggravating
factors raised by the case along with the defendant’s 1) work record, 2) family
and community ties, 3) length of residency, 4) prior criminal record, 5)
conformity with previous bail conditions, and 6) other outstanding bails.  See
Maldonado v. State, 999 S.W.2d 91, 93 (Tex. App.–Houston [14th
Dist.] 1999, pet. ref’d) (citing Ex parte Rubac, 611 S.W.2d 848,
849–50 (Tex. Crim. App. 1981)); Ex parte Milburn, 8 S.W.3d 422,
425 (Tex. App.–Amarillo 1999, no pet.).  These considerations are also designed
to gauge the risk that a defendant will flee the jurisdiction.  See Ex
parte Hulin, 31 S.W.3d 754, 761 (Tex. App.–Houston [1st Dist.] 2000, no
pet.).  

Analysis

There are factors in this case that support a high bail. 
Appellant was on bail for a burglary offense when he allegedly committed this
offense.  He had other prior arrests, was unemployed, and had never had formal
employment.  Furthermore, while his parents lived in the community and he
testified that he did not “know” any other county, there is no evidence to
suggest that there were any ties, familial or otherwise, that would prevent
Appellant from fleeing.  

Furthermore, the State’s evidence, through the investigator,
was that Appellant was to be indicted for what the State termed “super”
aggravated sexual assault.[1] 
The State is referring to aggravated sexual assault of a child under the age of
six, which, if proven, carries a sentence of between twenty–five years and life
in prison.  See Tex. Penal Code.
Ann. § 22.021(f)(1) (Vernon Supp. 2009).  There are not many details of
the offense in the record, but the offenses alleged appear to be especially
gruesome assaults and sexual assaults on very young children.  The investigator
testified that he had never “seen injuries this extensive on a living child
victim.”  Included in the evidence reviewed by the trial court are photographs
of the young children along with a chart detailing their injuries.  These
factors support a high bail.

On the other hand, Appellant has little ability to pay any
bail.  He is indigent, and he has no assets and no income.[2] 
These factors support a lower bail.[3]

The ability or inability of an accused to make bail, however,
does not alone control in determining the amount of bail.  See Ex
parte Charlesworth, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980).  After
comparing the bail in this case to other cases decided by other intermediate
courts of appeals, we conclude that the bail is too high.  Bails in excess of one
million dollars have been upheld in murder cases.  See, e.g., Ex
parte Saldana, No. 13-01-00360-CR, 2002 Tex. App. LEXIS 536, at *17
(Tex. App.–Corpus Christi Jan. 24, 2002, no pet.) (not designated for
publication) (holding that $1,000,000 bail for capital murder not excessive); Ex
parte Pulte, No. 2-03-00202-CR, 2003 Tex. App. LEXIS 9631, at *6 (Tex.
App.–Fort Worth Nov. 13, 2003, no pet.) (not designated for publication)
(holding that $1,000,000 bail is not excessive for solicitation of murder); Ex
parte Brown, No. 05-00-00655-CR, 2000 Tex. App. LEXIS 4656, at *5–6
(Tex. App.–Dallas July 13, 2000, no pet.) (not designated for publication)
($1,000,000 bail not excessive for murder).

And this court has held that a bail of $500,000 was not
excessive in a case that did not involve violence.  See Ex parte
Baugh, No. 12-08-00367-CR, 2009 Tex. App. LEXIS 1095, at *12 (Tex.
App.–Tyler Feb. 18, 2009, no pet.) (mem. op., not designated for publication). 
Each of these cases, however, is distinguishable from the case at hand.  In Baugh,
this court was confronted with a defendant who was a fugitive from another
state and who indicated he would not follow the court’s orders.  Id.,
at *12–13.  On the other hand, the defendant in Baugh was not
charged with a violent crime.  In Saldana, there was evidence
that the defendant’s family had posted a $500,000 bail previously, that the
defendant was in a violent gang, and that he posed a flight risk and a danger
to the community.  Saldana, 2002 Tex. App. LEXIS 536, at *14–16. 
In Pulte, the defendant had significant assets, some located out
of state, was on bail for a stalking offense when he was arrested for
solicitation of murder, and had a “history of erratic and violent behavior.”  Pulte,
2003 Tex. App. LEXIS, at *5–6.  In Brown, the defendant declined
to attempt to meet his burden to prove that the bail was excessive.  Brown,
2000 Tex. App. LEXIS 4656, at *4; see also Ex parte Simpson,
77 S.W.3d 894, 897 (Tex. App.–Tyler 2002, no pet.) (upholding bail of $600,000
in case where defendant was a gang member and there was evidence that he may
flee the jurisdiction of the court). 

There is no specific evidence in this case of Appellant’s
risk to the community or the risk of flight in terms of threats against the
victims or evidence that Appellant intends to flee.  Instead, the State argues
that because of the severity of the charges and the nature of the offenses,
there is both a risk to the community and a risk of flight.  We agree with the
State that these factors support a higher bail, but we disagree that they
support a bail of $1.725 million.  See, e.g., Clemons,
220 S.W.3d at 179 (approving total bail set at $600,000 where defendant charged
with indecency with a child and aggravated sexual assault and had made comments
about fleeing to Mexico); DePena v. State, 56 S.W.3d 926,
929 (Tex. App.–Corpus Christi 2001, no pet.) (bail in aggravated assault case
reduced to $300,000); Ex parte Rean, No. 03-09-00032-CR, 2009
Tex. App. LEXIS 7175, at *12–14 (Tex. App.–Austin Aug. 26, 2009, no pet.) (mem.
op., not designated for publication) (affirming trial court’s setting of bail
at $250,000 in sexual assault case); Ex parte Bennett, No. 2-07-00175-CR,
2007 Tex. App. LEXIS 8292, at *12 (Tex. App.–Fort Worth Oct. 18, 2007, no pet.)
(mem. op., not designated for publication) (upholding total bail of $600,000); Ex
parte Bratcher, No. 05-05-00634-CR, 05-05-00635-CR, 2005 Tex. App.
LEXIS 5418, at *14 (Tex. App.–Dallas July 13, 2005, no pet.) (mem. op., not
designated for publication) (total bail of $1,000,000 upheld). 

Accordingly, after reviewing the record in this case and
considering the factors in article 17.15, we hold that the amount of Appellant’s
bails is unsupported by the evidence and therefore excessive.  We sustain
Appellant’s first issue.[4]

 

Disposition

Having sustained Appellant’s first issue, we reverse and
remand this case to the trial court for further proceedings
consistent with this opinion.

 



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered December 23, 2009.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]  In its brief, the State asserts
that Appellant has since been indicted for these charges as well as for an additional
charge of indecency with a minor.  This indictment is not in the record.





[2]  Appellant argues there is no
evidence that he had not complied with the terms of the bail he was on at the
time these offenses were committed.  It is true that compliance with the terms
of a previous bail can be a factor to be considered when setting bail.  When it
comes to considerations of the safety of the community, however, the fact that
Appellant was otherwise in compliance with his previous bail is but slight
support for a lower bail. 

 





[3]  The State argues that Appellant
has made no effort to show that he tried to raise money to post bail or pay a
bondsman.  Ordinarily a defendant must show that he has tried and failed to
make bail.  See Ex parte Bogia, 56 S.W.3d 835, 837 (Tex.
App.–Houston [1st Dist.] 2001, no pet.) (quoting Ex parte Willman,
695 S.W.2d 752, 754 (Tex. App.–Houston [1st Dist.] 1985, no pet.)).  However,
Appellant is indigent and his present bail is set at $1.725 million.  We will
not require Appellant to do a “useless” thing.  See Ex parte Dueitt,
529 S.W.2d 531, 532 (Tex. Crim. App. 1975).





[4]  In Appellant’s second issue, he
argues that there is no direct evidence that he committed these offenses.  We
understand this to be a subpart of his argument in his first issue.  Because we
have sustained Appellant’s first issue, and because he does not request any
additional relief in his second issue, we will not address it further.