# NO. 12-09-00246-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE: DICKIE PAUL BELLANGER* | § | *APPEAL FROM THE 2ND* |
|  | § | *JUDICIAL DISTRICT COURT OF* |
|  | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Dickie Paul Bellanger appeals from a trial court order denying him relief on his application for writ of habeas corpus seeking a reduction in bail. We reverse and remand.

### BACKGROUND

Appellant was arrested on several charges including two counts of aggravated sexual assault, two counts of injury to a child, and one count of indecency with a child. The alleged victims were the young daughter and son of Appellant's girlfriend. Bail was set in a total amount of $1.725 million. Appellant was unable to post bail, and he filed an application for writ of habeas corpus in which he requested that his bail be reduced. Appellant claimed he was indigent and suggested that bail in the amount of $30,000 for all charges would be sufficient to secure his presence at trial. The trial court granted the writ but denied relief following a hearing. This appeal follows.

### REDUCTION OF BAIL

In two issues, Appellant contends that the trial court abused its discretion by not lowering his bail.

**Standard of Review**

The decision regarding a proper bail amount lies within the sound discretion of the trial court. TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005). Accordingly, we review the trial court's ruling on a request to reduce bail under an abuse of discretion

standard. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981); *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.–Eastland 2007, no pet.) (per curiam). In determining whether the trial court abused its discretion, we do not substitute our judgment for that of the trial court. *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex. Crim. App. 1990). The purpose of our review is to determine whether the trial court's decision was made without reference to any guiding rules or principles of law, or in other words, whether the decision was arbitrary or unreasonable. *Id*. at 380. An abuse of discretion occurs when a trial court's decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *Id*. at 391 (op. on reh'g).

## Applicable Law

Excessive bail is prohibited by the Eighth Amendment to the United States Constitution and by article I, section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. With few exceptions, all persons accused of a crime in Texas have a right to bail pending trial. TEX. CONST. art. I, § 11; TEX. CODE CRIM. PROC. ANN. art. 1.07 (Vernon 2005). The primary purpose of an appearance bond or bail is to secure the presence of the accused at trial on the offense charged. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980). While bail should be sufficiently high to give reasonable assurances that the accused will appear, the power to require bail should not be used as an instrument of oppression. *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). In setting bail, therefore, a balance must be struck between the defendant's right to bail and the state's interest in assuring the defendant's appearance at trial along with considerations of the safety of the community. *See Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.–Austin 2002, pet. ref'd). The burden is on the appellant to show the bail amount is excessive. *See Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980).

The Texas Legislature has established the following factors to be considered by the trial court in setting pretrial bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

2

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15.

Consideration of the nature of the offense and the circumstances of its commission necessarily involves consideration of the punishment authorized by law. *Ex parte Ivey*, 594 S.W.2d at 99. Moreover, the ability of an accused to post bail is merely one factor to be considered in determining the appropriate bail. *See Brown v. State*, 11 S.W.3d 501, 504 (Tex. App.–Houston [14th Dist.] 2000, no pet.). A defendant's inability to meet the bail set by the trial court does not automatically render the bail excessive. *Id*.

Other factors that may be considered include any aggravating factors raised by the case along with the defendant's 1) work record, 2) family and community ties, 3) length of residency, 4) prior criminal record, 5) conformity with previous bail conditions, and 6) other outstanding bails. *See Maldonado v. State*, 999 S.W.2d 91, 93 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd) (citing *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981)); *Ex parte Milburn*, 8 S.W.3d 422, 425 (Tex. App.–Amarillo 1999, no pet.). These considerations are also designed to gauge the risk that a defendant will flee the jurisdiction. *See Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.–Houston [1st Dist.] 2000, no pet.).

**Analysis**

There are factors in this case that support a high bail. Appellant was on bail for a burglary offense when he allegedly committed this offense. He had other prior arrests, was unemployed, and had never had formal employment. Furthermore, while his parents lived in the community and he testified that he did not "know" any other county, there is no evidence to suggest that there were any ties, familial or otherwise, that would prevent Appellant from fleeing.

Furthermore, the State's evidence, through the investigator, was that Appellant was to be indicted for what the State termed "super" aggravated sexual assault.[1] The State is referring to aggravated sexual assault of a child under the age of six, which, if proven,

---

[1] In its brief, the State asserts that Appellant has since been indicted for these charges as well as for an additional charge of indecency with a minor. This indictment is not in the record.

3

carries a sentence of between twenty–five years and life in prison. *See* TEX. PENAL CODE. ANN. § 22.021(f)(1) (Vernon Supp. 2009). There are not many details of the offense in the record, but the offenses alleged appear to be especially gruesome assaults and sexual assaults on very young children. The investigator testified that he had never "seen injuries this extensive on a living child victim." Included in the evidence reviewed by the trial court are photographs of the young children along with a chart detailing their injuries. These factors support a high bail.

On the other hand, Appellant has little ability to pay any bail. He is indigent, and he has no assets and no income.[2] These factors support a lower bail.[3]

The ability or inability of an accused to make bail, however, does not alone control in determining the amount of bail. *See Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980). After comparing the bail in this case to other cases decided by other intermediate courts of appeals, we conclude that the bail is too high. Bails in excess of one million dollars have been upheld in murder cases. *See*, *e.g.*, *Ex parte Saldana*, No. 13-01-00360-CR, 2002 Tex. App. LEXIS 536, at *17 (Tex. App.–Corpus Christi Jan. 24, 2002, no pet.) (not designated for publication) (holding that $1,000,000 bail for capital murder not excessive); *Ex parte Pulte*, No. 2-03-00202-CR, 2003 Tex. App. LEXIS 9631, at *6 (Tex. App.–Fort Worth Nov. 13, 2003, no pet.) (not designated for publication) (holding that $1,000,000 bail is not excessive for solicitation of murder); *Ex parte Brown*, No. 05-00-00655-CR, 2000 Tex. App. LEXIS 4656, at *5–6 (Tex. App.–Dallas July 13, 2000, no pet.) (not designated for publication) ($1,000,000 bail not excessive for murder).

And this court has held that a bail of $500,000 was not excessive in a case that did not involve violence. *See Ex parte Baugh*, No. 12-08-00367-CR, 2009 Tex. App. LEXIS 1095, at *12 (Tex. App.–Tyler Feb. 18, 2009, no pet.) (mem. op., not designated

---

[2] Appellant argues there is no evidence that he had not complied with the terms of the bail he was on at the time these offenses were committed. It is true that compliance with the terms of a previous bail can be a factor to be considered when setting bail. When it comes to considerations of the safety of the community, however, the fact that Appellant was otherwise in compliance with his previous bail is but slight support for a lower bail.

[3] The State argues that Appellant has made no effort to show that he tried to raise money to post bail or pay a bondsman. Ordinarily a defendant must show that he has tried and failed to make bail. *See Ex parte Bogia*, 56 S.W.3d 835, 837 (Tex. App.–Houston [1st Dist.] 2001, no pet.) (quoting *Ex parte Willman*, 695 S.W.2d 752, 754 (Tex. App.–Houston [1st Dist.] 1985, no pet.)). However, Appellant is indigent and his present bail is set at $1.725 million. We will not require Appellant to do a "useless" thing. *See Ex parte Dueitt*, 529 S.W.2d 531, 532 (Tex. Crim. App. 1975).

for publication). Each of these cases, however, is distinguishable from the case at hand. In *Baugh*, this court was confronted with a defendant who was a fugitive from another state and who indicated he would not follow the court's orders. *Id*., at *12–13. On the other hand, the defendant in *Baugh* was not charged with a violent crime. In *Saldana*, there was evidence that the defendant's family had posted a $500,000 bail previously, that the defendant was in a violent gang, and that he posed a flight risk and a danger to the community. *Saldana*, 2002 Tex. App. LEXIS 536, at *14–16. In *Pulte*, the defendant had significant assets, some located out of state, was on bail for a stalking offense when he was arrested for solicitation of murder, and had a "history of erratic and violent behavior." *Pulte*, 2003 Tex. App. LEXIS, at *5–6. In *Brown*, the defendant declined to attempt to meet his burden to prove that the bail was excessive. *Brown*, 2000 Tex. App. LEXIS 4656, at *4; *see also Ex parte Simpson*, 77 S.W.3d 894, 897 (Tex. App.–Tyler 2002, no pet.) (upholding bail of $600,000 in case where defendant was a gang member and there was evidence that he may flee the jurisdiction of the court).

There is no specific evidence in this case of Appellant's risk to the community or the risk of flight in terms of threats against the victims or evidence that Appellant intends to flee. Instead, the State argues that because of the severity of the charges and the nature of the offenses, there is both a risk to the community and a risk of flight. We agree with the State that these factors support a higher bail, but we disagree that they support a bail of $1.725 million. *See*, *e.g.*, *Clemons*, 220 S.W.3d at 179 (approving total bail set at $600,000 where defendant charged with indecency with a child and aggravated sexual assault and had made comments about fleeing to Mexico); *DePena v. State*, 56 S.W.3d 926, 929 (Tex. App.–Corpus Christi 2001, no pet.) (bail in aggravated assault case reduced to $300,000); *Ex parte Rean*, No. 03-09-00032-CR, 2009 Tex. App. LEXIS 7175, at *12–14 (Tex. App.–Austin Aug. 26, 2009, no pet.) (mem. op., not designated for publication) (affirming trial court's setting of bail at $250,000 in sexual assault case); *Ex parte Bennett*, No. 2-07-00175-CR, 2007 Tex. App. LEXIS 8292, at *12 (Tex. App.–Fort Worth Oct. 18, 2007, no pet.) (mem. op., not designated for publication) (upholding total bail of $600,000); *Ex parte Bratcher*, No. 05-05-00634-CR, 05-05-00635-CR, 2005 Tex. App. LEXIS 5418, at *14 (Tex. App.–Dallas July 13, 2005, no pet.) (mem. op., not designated for publication) (total bail of $1,000,000 upheld).

Accordingly, after reviewing the record in this case and considering the factors in article 17.15, we hold that the amount of Appellant's bails is unsupported by the evidence and therefore excessive. We sustain Appellant's first issue.[4]

## DISPOSITION

Having sustained Appellant's first issue, we *reverse* and *remand* this case to the trial court for further proceedings consistent with this opinion.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 23, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[4] In Appellant's second issue, he argues that there is no direct evidence that he committed these offenses. We understand this to be a subpart of his argument in his first issue. Because we have sustained Appellant's first issue, and because he does not request any additional relief in his second issue, we will not address it further.