

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00045-CR

_____

E X PARTE B RUCE A LLEN H ANSON

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. DC30-CV2022-0173

Dissenting Memorandum Opinion by Justice Wallach

## DISSENTING MEMORANDUM OPINION

Because I cannot conclude that the trial court abused its discretion by denying Hanson's request to lower the bail amount, I would affirm. I therefore respectfully dissent.

First, although the majority considers Hanson's long residence in the county and his owning a home there as sufficient community ties, Hanson has no family in the county, and he provided no evidence of having any friends or other current personal connections to the area.

Second, Hanson's testimony was vague about the value of his assets—he did not know the approximate value of his house except that it is "more than [$]100,000," and he did not know how much money he had in his bank account—and he acknowledged that he had not actually contacted any bail bond company about obtaining a bond. Thus, his inability to obtain bond is hypothetical. *See Ex parte Williams*, 467 S.W.2d 433, 434 (Tex. Crim. App. 1971) (upholding trial court's bail decision when there was no evidence the appellant had made any effort to furnish bail); *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Ex parte Payten*, No. 02-13-00447-CR, 2013 WL 5968449, at *3 (Tex. App.—Fort Worth Nov. 7, 2013, no pet.) (mem. op., not designated for publication).

The majority cites *Ex parte Dueitt* for the proposition that Hanson is not required to do a "useless thing" in attempting to make bail, but in that case the record contained evidence suggesting that the funds of the accused and his family had already

been exhausted in obtaining the accused's release at a lower bail amount that had been set after the accused's arrest but before his indictment on two drug offenses. 529 S.W.2d 531, 532 (Tex. Crim. App. 1975). After the accused's indictment on the two drug charges, the trial court raised the accused's bail amount from $10,000 to $60,000—$20,000 on one charge and $40,000 on the other. *Id.* The Court of Criminal Appeals concluded that "[a]lthough the record is far from clear on this point, it is reasonable to conclude that the difficulties [the accused] and his family encountered in securing his release on $10,000 bail would be increased four-fold in attempting to meet even just the $40,000 bail." *Id.* at 532–33. We do not have that kind of record here.

Third, basing a bail decision primarily on what the accused can afford eliminates the trial court's role in setting bond and places the accused in the posture of determining what his or her bail should be. *Ex parte Brown*, 959 S.W.2d 369, 372 (Tex. App.—Fort Worth 1998, no pet.). The Court of Criminal Appeals has directed that, instead, the "primary factors" to consider are the length of the sentence that can be imposed and the nature of the offense. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981).

Here, Hanson faces a possible life sentence for the murder of his wife. *See* Tex. Penal Code Ann. § 12.32; *see Ex parte Scott*, 122 S.W.3d 866, 869 (Tex. App.—Fort Worth 2003, no pet.) (stating that when a defendant faces a lengthy sentence, "pretrial bond must be set sufficiently high to secure the presence of the accused at trial

because the accused's reaction to the prospect of a lengthy sentence might be to not appear"). The alleged offense, Hanson's potential sentence, and the lack of evidence showing that he made any attempt to obtain bond all support the trial court's exercise of discretion, even without considering Hanson's lack of ties to the area. *Cf. Ex parte Barrera*, No. 11-21-00131-CR, 2021 WL 5934626, at \*3 (Tex. App.—Eastland Dec. 16, 2021, pet. ref'd) (upholding $1,000,000 bond).

Although a $1,000,000 bond is high, it is within the range of bail amounts that have been upheld for first-degree felony offenses like murder. *See Ex parte Temple*, 595 S.W.3d 825, 830 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) (citing *Ex parte Green*, No. 02-13-00474-CR, 2014 WL 584960, at \*3 (Tex. App.—Fort Worth Feb. 13, 2014, no pet.) (mem. op., not designated for publication)); *see also Ex parte Garner*, No. 10-18-00129-CR, 2018 WL 3469834, at \*5 (Tex. App.—Waco July 18, 2018, no pet.) (mem. op., not designated for publication). Accordingly, I would affirm the trial court's order.

/s/ Mike Wallach

Mike Wallach
Justice

Do Not Publish
Tex. R. App. 47.2 (b)

Delivered: May 12, 2022